MELVIN MONELL CARDONA y GLADYS FIGUEROA PRADO, demandantes y recurridos, *v.* JOSÉ E. APONTE, MUNICIPIO DE CAROLINA y OTROS, demandados y peticionarios.

*Número:* CC-97-601          *Resuelto:* 30 de junio de 1998

*Javier A. Echevarría Vargas,* del *Bufete Pedro E. Ortiz Álvarez,* abogado del peticionario; *Rolando Anglada Gil,* abogado de los recurridos.

PER CURIAM:

I

El 12 de abril de 1996 Melvin Monell Cardona y su esposa Gladys Figueroa Prado demandaron al Municipio de Carolina (en adelante el Municipio) y a su Alcalde, José E. Aponte. Reclamaron el resarcimiento por daños y perjuicios alegadamente sufridos por la suspensión injustificada

de Monell Cardona como Oficial Ejecutivo V en el Departamento Municipal de Obras Públicas.(¹)

Ese mismo día se expidió el emplazamiento contra el Municipio, el cual diligenció el 16 de abril. *No se gestionó su expedición contra el Alcalde Aponte.*

El 13 de junio el Municipio contestó y negó las alegaciones esenciales. Presentó, entre otras defensas afirmativas, la prescripción, el impedimento colateral por sentencia y la ausencia de parte indispensable.

Transcurrieron varios meses. El 30 de enero de 1997, previo permiso, los demandantes Monell-Figueroa enmendaron la demanda e incorporaron una causa de acción de persecución maliciosa, *sin modificar las alegaciones originales contra el Alcalde Aponte.* Ese mismo día gestionaron *por primera vez* la expedición del emplazamiento contra dicho funcionario. Se diligenció el 3 de febrero de 1997, más de nueve (9) meses y medio después de la presentación de la *demanda original.*

El Alcalde Aponte, sin someterse a la jurisdicción, solicitó la desestimación por emplazamiento tardío, en exceso de los seis (6) meses que concede la Regla 4.3(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III. En oposición, los demandantes Monell-Figueroa sostuvieron que el emplazamiento, expedido el 30 de enero de 1997, fue diligenciado el 3 de febrero y, por ende, dentro del término de seis (6) meses. Argumentaron, además, que la División Legal del Municipio, por conducto del cual se habían diligenciado todos los emplazamientos, tenía conocimiento de los hechos. Asimismo, indicaron que el Municipio y el Alcalde eran

---

(¹) En lo pertinente, alegó que el 23 de marzo de 1995 el Municipio de Carolina (en adelante el Municipio), a través de su Alcalde Aponte, le comunicó la suspensión de empleo y sueldo; fue suspendido desde el 1ro de abril hasta el 31 de mayo de 1995; que oportunamente apeló a la Junta de Apelaciones del Sistema de Administración de Personal (J.A.S.A.P.); que, previa vista pública, el Oficial Examinador rindió un informe en el que concluyó que el Municipio no demostró que él fue responsable de los hechos imputados por los cuales fue suspendido, por lo que declaró ha lugar la apelación Núm. SES95-03-975.

representados por el mismo abogado familiarizado por tres (3) años con los hechos que originaron el pleito.

El Tribunal de Primera Instancia, Sala Superior de Carolina (Hon. Víctor M. Rivera González, Juez), se negó a desestimar. Resolvió que el diligenciamiento del emplazamiento del Alcalde Aponte se realizó dentro de los seis (6) meses contados a partir de su expedición. Consignó, además, que éste no se vería afectado por la demora habiéndose emplazado al Municipio y luego a su Alcalde, por conducto de la misma representación legal (la División Legal del Municipio). Además, adujo la existencia de un procedimiento administrativo anterior en el que se cuestionaron las actuaciones del Alcalde Aponte, por lo que su incorporación como codemandado no causó sorpresa.

El Alcalde Aponte acudió mediante una petición de *certiorari* al Tribunal de Circuito de Apelaciones. Reprodujo su planteamiento de que el término para diligenciar los emplazamientos comienza a transcurrir a partir de la presentación de la demanda. En contra, los demandantes Monell-Figueroa reiteraron sus argumentos. Alegaron que no habían solicitado con anterioridad la expedición del emplazamiento del Alcalde Aponte debido a que estaban realizando cierto descubrimiento de prueba sobre su conocimiento personal de los hechos, para así poder presentar la demanda enmendada.

El Tribunal de Circuito de Apelaciones (Hons. Arbona Lago, Negroni Cintrón y Salas Soler, Jueces) declinó expedir. Resolvió que la Regla 4.3(b) de Procedimiento Civil, *supra*, provee claramente que el término para diligenciar comenzará a contar, no a partir de la presentación de la demanda, sino de la expedición del emplazamiento.

A solicitud del Alcalde Aponte, revisamos.

## II

Las Reglas 4.1 y 4.3 de Procedimiento Civil gobiernan en conjunto la solución del caso de autos. Reproduzcámoslas, en lo pertinente:

4.1. Expedición.
Presentada la demanda, el secretario expedirá *inmediatamente un emplazamiento* y lo entregará al demandante o a su abogado. A requerimiento del demandante, el secretario expedirá emplazamientos individuales o adicionales contra cualesquiera demandados. (Énfasis suplido.) 32 L.P.R.A. Ap. III.
4.3. Quien puede diligenciarlo; término para el diligenciamiento.

. . . . . . . .

(b) El emplazamiento *será diligenciado en el término de seis (6) meses de haber sido expedido.* Dicho término solo podrá ser prorrogado por un término razonable a discreción del tribunal si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original. Transcurrido el término original o su prórroga sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora por desistida, con perjuicio. (Énfasis suplido.) 32 L.P.R.A. Ap. III.

La lectura de estas disposiciones y realidad del ordenamiento refleja claramente que el emplazamiento se expedirá *"inmediatamente"* al presentarse la demanda. Se trata de un trámite ministerial, automático, subsiguiente a la presentación de la demanda, como evento inmediato que da inicio a la acción civil. *Rivera de Vincenti v. E.L.A.*, 108 D.P.R. 64, 68 (1978). Ambas reglas persiguen que se cumpla *lo antes posible* con su propósito, a saber, adquirir jurisdicción y notificar al demandado que se instó una acción judicial en su contra, de manera que se le dé oportunidad de ser oído y defenderse. *Márquez v. Barreto*, 143 D.P.R. 137 (1997); *Bco. Central Corp. v. Capitol Plaza, Inc.*, 135 D.P.R. 760 (1994); *Chase Manhattan Bank v. Polanco Martínez*, 131 D.P.R. 530 (1992); *Rodríguez v. Nasrallah*, 118 D.P.R. 93 (1986).

■ Si bien la Regla 4.1 de Procedimiento Civil, *supra*, impone al Secretario del tribunal esa obligación de expedir *inmediatamente* los emplazamientos, por décadas en la práctica diaria dicho deber ministerial se canaliza y está sujeto a que el demandante o su abogado los preparen y sometan a la Secretaría para que allí sean fechados, firmados y sellados por el Secretario y, claro está, entregados al presentante. En otras palabras, para dar cumplimiento estricto a la regla, es preciso que al momento de la presentación de la demanda se acompañen los emplazamientos correspondientes.

■ Es forzoso interpretar, pues, que cuando la Regla 4.3 de Procedimiento Civil, *supra*, establece que el emplazamiento será diligenciado dentro de los seis (6) meses de haber sido expedido, equipara la fecha de su expedición con la presentación de la demanda.(²) Aunque puede haber unos pocos días de diferencia debido a demoras legítimas y comprensibles —atribuibles a los cientos, por no decir miles, de documentos y escritos que se presentan en las secretarías de los tribunales en el país— no cabe otra interpretación. No podemos dejar al arbitrio de un demandante o su abogado la fecha cuando se tramitarán o procurarán los emplazamientos y, por ende, cuando serán expedidos. Equivaldría a, injustamente y sin autoridad judicial, extender el período de tiempo que nuestro ordenamiento ha establecido como apropiado para emplazar a una parte. Véase *Ortalaza v. F.S.E.*, 116 D.P.R. 700 (1985).

---

(²) Nuestra regla proviene de la Regla 4 de Procedimiento Civil federal. Desde 1983 establece la presentación de la demanda como punto de partida para el término del diligenciamiento de los emplazamientos. Según enmendada, dispone en lo pertinente:

"*Time Limit for Service*. If service of the summons and complaint is not made upon a defendant within 120 days after the *filing of the complaint*, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1)." (Énfasis suplido.) 28 U.S.C. R. 4(m).

Además, ello acarrearía serios perjuicios a un demandado, amén de contravenir el principio rector de resolver las controversias de forma justa, rápida y económica, eje central del debido proceso de ley. Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III. En fin, el propósito de la Regla 4.3(b) de Procedimiento Civil, *supra*, es acelerar la litigación y despejar los calendarios desde el inicio del pleito. *Banco Metropolitano v. Berríos*, 110 D.P.R. 721, 724 (1981).

## III

Al aplicar esta normativa al caso de autos notamos que los demandantes Monell-Figueroa presentaron su demanda original el 12 de abril de 1996 e incluyeron como *codemandado* al Alcalde Aponte, en su capacidad personal. *No* gestionaron la expedición de los emplazamientos en su contra hasta el 20 de enero de 1997, fecha cuando presentaron la demanda enmendada para incluir *una nueva causa de acción*. Nunca solicitaron una prórroga para emplazarlo. Lo hicieron el 3 de febrero de 1997, *casi diez (10) meses después de haber sido presentada la demanda original*, en contravención de los seis (6) meses de la Regla 4.3 de Procedimiento Civil, *supra*.

Reconocemos que los tribunales de instancia tienen discreción, al amparo de la Regla 68.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, para prorrogar el término para diligenciar el emplazamiento, aun después de haber vencido el plazo que a tales fines señala la Regla 4.3(b) de Procedimiento Civil, *supra*. *Banco Metropolitano v. Berríos*, supra. Sin embargo, esa discreción no se ejercita en el vacío, ni tampoco de modo arbitrario; siempre debe haber una razón bien fundada que mueva la conciencia judicial hacia ese remedio. La Regla 4.3(b) de Procedimiento Civil, *supra*, le exige a las partes que ejerzan la debida diligencia. Véase los *Comentarios del Secretariado de la*

*Conferencia Judicial*, 32 L.P.R.A. Ap. III, R. 4.3, citados con aprobación en *Banco Metropolitano v. Berríos*, supra. El promovente es quien viene obligado a justificar, con referencia a hechos y circunstancias meritorias, la razón o motivo para haber dejado transcurrir dicho término. *Lugo v. Municipio de Bayamón*, 111 D.P.R. 679 (1981). Resolver de forma contraria le permitiría al demandante extender *motu proprio*, por el término que quisiera, el emplazamiento al demandado sin tener que demostrar justa causa.

En este aspecto, las razones aducidas por los demandantes Monell-Figueroa, a saber, que estaban realizando cierto descubrimiento de prueba sobre el conocimiento personal de los hechos y que los emplazamientos, tanto del Municipio como luego del Alcalde, fueron diligenciados por conducto de la División Legal del Municipio, no constituyen justa causa para la demora. Incidieron el Tribunal de Circuito de Apelaciones y el Tribunal de Primera Instancia.

*Se dictará sentencia para desestimar con perjuicio la reclamación incoada contra el codemandado José E. Aponte.*

El Juez Presidente Señor Andréu García disintió sin opinión escrita.