EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Carmen Rosado González Vda. de Rivera<br>    Peticionaria<br><br>             v.<br><br>Manuel Osvaldo Rivera Pérez y otros<br>    Demandados | Certiorari<br><br>2001 TSPR 119<br><br>154 DPR ____ |

Número del Caso: CC-2001-402


Fecha: 24/agosto/2001


Tribunal de Circuito de Apelaciones:
                        Circuito Regional VI


Juez Ponente:
                        Hon. Andrés E. Salas Soler



Abogado de la Parte Peticionaria:
                        Lcdo. Carlos Mondríguez Rivera



Materia: Bienes Hereditarios


    Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Carmen Rosado González Vda. de
Rivera

        Peticionaria

v.

                                        CC-01-0402

Manuel Osvaldo Rivera Pérez,
Niulka Zahira Rivera Pérez,
Ivangs Manuel Rivera Pérez t/c/p
Ivan Manuel Rivera Pérez,
Manuel Rivera Pérez,
Maritza Rivera Saldaña,
Emmanuel Rivera Texidor,
representado por su madre
Maritza Texidor, Zutano y
Mengano de Tal, posibles
herederos desconocidos

        Demandados



                    SENTENCIA
                    (Regla 50)



        San Juan, Puerto Rico a 24 de agosto de 2001


        Analizados ponderadamente la Petición de Certiorari presentada por la Sra. Carmen Rosado González, Vda. de Rivera, peticionaria, así como los demás documentos que obran en el expediente, en virtud de la facultad que nos concede la Regla 50 de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-A, se expide el auto solicitado y se dicta sentencia mediante la cual revocamos la resolución del Tribunal de Circuito de Apelaciones de 19 de marzo de 2001. Se devuelve el caso al Tribunal de Primera Instancia, Sala Superior de Caguas, para que proceda a expedir los nuevos emplazamientos y puedan continuar los procedimientos.

        Además, se le impone a los Lcdos. Carlos Mondríguez y Carlos Mondríguez Rivera, representantes legales de la peticionaria, una sanción de doscientos dólares ($200) a cada uno que deberán pagar a favor del Estado Libre Asociado de Puerto Rico.

        Se ordena que esta sentencia también sea notificada a la Sra. Carmen Rosado González Vda. de Rivera.

        Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Naveira de Rodón emitió Opinión de Conformidad a la cual se unen los Jueces Asociados señores Fuster Berlingeri y Rivera Pérez.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo

Isabel Llompart Zeno
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Carmen Rosado González Vda. de
Rivera

    Peticionaria


      v.                             CC-01-0402

Manuel Osvaldo Rivera Pérez,
Niulka Zahira Rivera Pérez,
Ivangs Manuel Rivera Pérez t/c/p
Ivan Manuel Rivera Pérez,
Manuel Rivera Pérez,
Maritza Rivera Saldaña,
Emmanuel Rivera Texidor,
representado por su madre
Maritza Texidor, Zutano y
Mengano de Tal, posibles
herederos desconocidos

    Demandados


Opinión de conformidad emitida por la Juez Asociada SEÑORA NAVEIRA DE RODÓN a la cual se unen los Jueces Asociados señores Fuster Berlingeri Rivera Pérez.


    San Juan, Puerto Rico a 24 de agosto de 2001


    En virtud de que la revisión de este Tribunal se da contra la sentencia y no sus fundamentos, estamos conformes con la Sentencia emitida por este Tribunal al revocar la determinación del Tribunal de Circuito de Apelaciones, permitir la expedición de nuevos emplazamientos, sancionar económicamente a los representantes legales de la Sra. Carmen Rosado González Vda. de Rivera y notificar a esta última de la Sentencia emitida por este Tribunal.


                             I


    Hace casi cuatro décadas que este Tribunal estableció como norma que la drástica sanción de desestimar un caso sólo procede cuando otras

sanciones hayan resultado ser ineficaces y haya quedado inequívocamente demostrado la desatención y el abandono total de la parte con interés. Ramírez de Arellano v. Srio. de Hacienda, 85 D.P.R. 823 (1962). Dos décadas más tarde, en Maldonado v. Srio. de Rec. Naturales, 113 D.P.R. 494, 498 (1982), aclaramos que cuando una situación amerita la imposición de una sanción severa, el tribunal debe, en primer término, imponer la misma al abogado de la parte. Puntualizamos que **"la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones, tan sólo [procederá] después que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida."** Reconocimos que en la mayoría de los casos "las partes no están enteradas de la actuación negligente de sus abogados y, al advenir en conocimiento de ello, la situación es corregida de inmediato."

El asunto que hoy nos ocupa nos brinda la oportunidad de ampliar el alcance de dicha norma a las disposiciones de la Regla 4.3(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, sobre el término para diligenciar el emplazamiento.

A continuación hacemos un breve recuento de los hechos que hoy dan lugar al asunto que nos ocupa.

II

El 25 de octubre de 1999, la Sra. Carmen Rosado González presentó ante el Tribunal de Primera Instancia, Sala Superior de Caguas, una demanda mediante la cual solicitó la división de la comunidad hereditaria habida entre ésta y los codemandados Manuel Osvaldo Rivera Pérez, Niulka Zahira Rivera Pérez, Ivangs Manuel Rivera Pérez t/c/p Ivan Manuel Rivera Pérez, Manuel Rivera Perez, Maritza Rivera Saldaña, Emmanuel Rivera Texidor, representado por su madre Maritza Texidor.[1] Ese mismo día el tribunal

---

[1]    También se incluyeron en la demanda como herederos desconocidos a Zutano y a Mengano de Tal.

expidió los correspondientes emplazamientos. Sin embargo, sólo pudieron ser emplazados dos (2) de los demandados: Ivangs Manuel Rivera Pérez, el 24 de marzo de 2000 y Manuel Osvaldo Rivera Pérez, el 28 de marzo de 2000.

Posteriormente, la demandante Rosado González, solicitó que se le anotara la rebeldía a los dos (2) únicos demandados emplazados por éstos no haber contestado la demanda dentro del término provisto por las Reglas de Procedimiento Civil.[2] El 14 de julio de 2000, el foro de instancia les anotó la rebeldía. Además, le concedió a la demandante Rosado González un plazo de treinta (30) días para que informara las gestiones realizadas respecto al diligenciamiento de los emplazamientos de los demás demandados.[3]

Concluido el plazo concedido sin que la demandante Rosado González cumpliera con la orden de informar las gestiones para diligenciar los emplazamientos restantes, el tribunal de instancia le concedió motu proprio un plazo adicional de diez (10) días para cumplir con dicha Orden.[4]

El 19 de noviembre de 2000, trece (13) días después de vencer el término concedido, la demandante Rosado González compareció y en respuesta a los requerimientos del tribunal señaló que aún no había podido emplazar a tres (3) de los demandados, Niulka Zahira Rivera Pérez, Maritza Rivera Saldaña y Emmanuel Rivera Texidor por conducto de su madre porque desconocía la dirección de éstos. Adujo que sólo hacía unos días que había obtenido información relacionada con la dirección de Niulka Zahira Rivera Pérez y Maritza Rivera Saldaña. En cuanto a Emmanuel Rivera Texidor y su madre, sólo sabía que vivían en Santa Isabel. Ante tales circunstancias solicitó la expedición de nuevos emplazamientos y la autorización para emplazar por edicto a dos (2) de los demandados ya que había descubierto que una, Niulka Zahira Rivera Pérez, residía fuera de la jurisdicción y desconocía la dirección de Emmanuel Rivera Texidor. Con dicha moción acompañó copia de la declaración jurada suscrita por la emplazadora Jackeline Navarro Rivera el 14 de noviembre de 2000 en la cual ésta detalló las gestiones que realizó

---

[2] Cabe destacar que los demandados emplazados nunca han comparecido.

[3] Esta Orden fue notificada el 10 de agosto de 2000.

[4] Esta Orden fue notificada el 26 de octubre de 2000.

para conocer el paradero de los demandados que aún permanecían sin emplazar. Sobre el particular la emplazadora expresó lo siguiente:

- En el presente caso se expidieron emplazamientos a nombre de Niulka Zahira Rivera Pérez y Emmanuel Rivera Texidor por conducto de su madre Maritza Texidor.

- Me personé a la última dirección conocida de la demandada Niulka Zahira Rivera Pérez, siendo informada por su madre, la señora Carmen Aurora Pérez Díaz de que ésta no reside en Puerto Rico, siendo su actual dirección la siguiente: 123 Gambier St., San Francisco, Cal. 94134.

- Me personé a las oficinas postales de Humacao, Puerto Rico, entrevistando al técnico de ventanilla, señor Luis Rivera Costas, quien indicó desconocer dirección alguna de dicha demandada.

- Me personé al Cuartel de la Policía de Humacao y me entrevisté con la Retén Adelaida Boilier Camacho, placa número 2562, quien manifestó desconocer dirección alguna de la demandada.

- Me personé a la Alcaldía del Municipio de Humacao, entrevistando a la recepcionista María M. Mojica, quien desconoce dirección alguna de la demandada.

- En cuanto al demandado Emmanuel Rivera Texidor, sólo conocemos que vive en el pueblo de Santa Isabel, pero las gestiones realizadas para localizarlos fueron infructuosas.

- Me personé a las oficinas postales del municipio de Santa Isabel donde entrevisté a Lincon Carrero, técnico de ventanilla, quien indicó desconocer dirección alguna de dicho demandado.

- Me personé al Cuartel de la Policía del Municipio de Santa Isabel, entrevisté al Retén Wilfredo Avilés, placa número 15638, quien manifiesta desconocer dirección alguna del demandado.

- Por último, me personé en la Casa Alcaldía de Santa Isabel, entrevistando a la Directora de Recursos Humanos, señora Cándida Jiménez, quien desconoce dirección alguna del demandado.

Cabe señalar que del expediente nada surge que nos indique que la demandante Rosado González estuviera informada de los acontecimientos procesales suscitados en su caso para llevar a cabo los emplazamientos. El 19 de diciembre de 2000, el tribunal de instancia declaró sin lugar la solicitud de nuevos emplazamientos bajo el fundamento de que ésta fue presentada fuera del plazo de seis (6) meses dispuesto por la Regla 4.3(b) de Procedimiento Civil. Esta Orden fue notificada el 22 de enero de 2001.

Inconforme, la representación legal de la demandante Rosado González acudió oportunamente al Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito) mediante recurso de certiorari. Dicho foro apelativo denegó la expedición del auto ya que no hubo justa causa para la expedición de nuevos emplazamientos. Denegada la reconsideración, la demandante Rosado González acudió ante nos alegando la comisión de los siguientes errores:

> Erró el Tribunal de Circuito de Apelaciones al no expedir el auto solicitado y confirmar la orden dictada por le tribunal de Primera Instancia que impide que la comunidad de bienes hereditarios en cuestión sea dividida conforme a la voluntad del testador, ello por razón de haber desestimando la demanda con perjuicio.

> Erró el Tribunal de Circuito de Apelaciones al concluir que la peticionara no evidenció la existencia de causas por las cuales debía prorrogarse el término reglamentario dispuesto para el diligenciamiento de los emplazamientos.

III

El propósito del emplazamiento es notificar a la parte demandada, a grandes rasgos, que existe una acción judicial en su contra para que, si así lo desea, ejerza su derecho a comparecer en el juicio, ser oído y presentar prueba a su favor. Bco. Central Corp. v. Capitol Plaza, Inc., 135 D.P.R. 760, 763 (1994). El concepto de jurisdicción sobre la persona está intrínsecamente relacionado al debido proceso de ley. Reyes v. Oriental Fed. Savs. Bank, 133 D.P.R. 15, 21 (1993). Por lo tanto, el emplazamiento constituye **"el mecanismo procesal de notificación que se utiliza para que un tribunal pueda adquirir jurisdicción sobre la persona del demandado, de forma tal que éste quede obligado por el dictamen que finalmente se emita."** (Énfasis nuestro.) Márquez v. Barreto, 143 D.P.R. 137, 142 (1997).

En nuestro ordenamiento jurídico, la Regla 4 de Procedimiento Civil es la que contiene las disposiciones aplicables a los emplazamientos. Regla

4 de Procedimiento Civil, 32 L.P.R.A. Ap. III.[5] Dentro de dicho cuerpo la Regla 4.3(b) establece lo relacionado al plazo que tiene un demandante para diligenciar un emplazamiento una vez presentada la demanda, ya que los emplazamientos, como regla general, son expedidos al presentarse la misma. Monell v. Mun. de Carolina, P.C. de 30 de junio de 1998, 98 JTS 94, pág. 1329.[6] Así pues, dicha Regla dispone que éste deberá ser diligenciado dentro del término de seis (6) meses de haber sido expedido. Sobre el particular, se establece lo siguiente:

> El emplazamiento será diligenciado en el término de seis (6) meses de haber sido expedido. **Dicho término sólo podrá ser prorrogado por un término razonable a discreción del tribunal si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original.** Transcurrido el término original o su prórroga sin que el emplazamiento hubiere sido diligenciado **tendrá a la parte actora por desistida, con perjuicio.** (Énfasis nuestro.)

Conforme surge del texto citado y en lo aquí pertinente, la Regla 4.3(b) establece que sólo se concederá la prórroga para diligenciar un emplazamiento si mediara justa causa y ésta se solicitara dentro del plazo original de los seis (6) meses. Sin embargo, a través de nuestra jurisprudencia hemos flexibilizado la Regla para darle mayor oportunidad a los demandantes, de **mediar justa causa**, de solicitar una prórroga y **emplazar a los demandados fuera del plazo de los seis (6) meses o su prórroga, de forma que no proceda la severa sanción de desistimiento de la demanda con perjuicio.**

Así pues, en Banco Metropolitano v. Berríos, 110 D.P.R. 721 (1981) al interpretar el texto de la Regla 4.3(b) conjuntamente con la Regla 68.2, resolvimos que el foro de instancia tiene la facultad discrecional para prorrogar el término para diligenciar el emplazamiento, aún después de vencidos los plazos establecidos. Específicamente expresamos que "[e]l

---

[5] El incumplimiento con dichos requisitos podría privar al tribunal de jurisdicción sobre la persona del demandado. Rodríguez v. Nasrallah, 118 D.P.R. 93, 99 (1986).

[6] En dicho caso señalamos que el plazo de seis (6) meses para diligenciar el emplazamiento comienza a contar desde el mismo día en que se presenta la demanda. Esto, independientemente de que, como realidad administrativa, dichos emplazamientos se expidan posteriormente.

más poderoso instrumento para hacer justicia reservado a los jueces es la discreción. La equidad nació precisamente de la necesidad de atemperar el rigor de la norma mediante recurso a la conciencia del juzgador." Ibid, pág. 725.

En López v. Porrata-Doria, 140 D.P.R. 96, 102 (1996) reiteramos que el plazo de seis (6) meses dispuesto en la Regla 4.3(b), es de cumplimiento estricto, razón por la cual los tribunales pueden ejercer su poder discrecional para ampliarlo aun cuando se le haya solicitado la prórroga luego de haber vencido el término establecido en dicha Regla. Lo importante es que la parte que lo solicite demuestre causa para ello y no haya abuso de discreción del tribunal.

En resumen, el foro de instancia puede prorrogar el término de seis (6) meses para diligenciar un emplazamiento, aunque la prórroga se haya solicitado luego de haber vencido dicho término y, siempre y cuando mediare justa causa y no haya abuso de discreción de parte del tribunal.

A la luz de estos preceptos debemos entonces resolver si el tribunal de instancia abusó de su discreción al imponer a la demandante peticionaria Rosado González la severa sanción de la desestimación de su acción con perjuicio. Veamos.

IV

En el caso de autos, la demandante peticionaria Rosado González logró emplazar a dos (2) de los demandados, Ivangs Manuel Rivera Pérez y Manuel Osvaldo Rivera Pérez dentro del término de seis (6) meses que establece la Regla 4.3(b). No pudo, sin embargo, emplazar al resto de los demandados dentro de dicho plazo. De los hechos surge con meridiana claridad que la representación legal de la parte demandante no actuó con diligencia, ya que no notificó al tribunal con prontitud y dentro de los plazos que le fueron concedidos de las gestiones que estaban realizando para llevar a cabo los emplazamientos. De otra parte, los hechos procesales también reflejan que al solicitar la expedición de nuevos emplazamientos, aunque

ya había transcurrido el término de seis (6) meses que establece la Regla 4.3(b) y las prórrogas que sobre el particular le fueran concedidas, la parte demandante justificó la tardanza. No cabe duda que esta solicitud como cuestión de hecho era una de prórroga para emplazar. Tampoco es menos cierto que del expediente no surge que a la parte demandante se le hubiese notificado del incumplimiento de su representación legal con los términos para emplazar y para notificar sobre las gestiones que se estaban realizando en torno a dicho diligenciamiento, ni de las graves consecuencias que este incumplimiento podría acarrear, o sea, la pérdida de su causa de acción al ser desestimada la demanda con perjuicio.

Ante estas circunstancias y a tenor con las normas procesales y la jurisprudencia previamente discutida, el foro de instancia abusó de su discreción al no permitir la expedición de nuevos emplazamientos en cuanto a los demandados no emplazados. La determinación de no permitir emplazar a estos coherederos que son partes indispensables conlleva el que tribunal de instancia eventualmente tenga que desestimar con perjuicio la demanda en su totalidad por falta de parte indispensable. En consecuencia, se desestimaría la acción aun para los demandados que fueron debidamente emplazados.


V


Las razones antes expuestas son las que nos permiten estar conforme con la Sentencia que hoy certifica este Tribunal.


Miriam Naveira de Rodón
Juez Asociada