Colón Birriel, Juez Ponente
*1124 TEXTO COMPLETO DE LA SENTENCIA
I
El Dr. Marcos González, por sí y como integrante de la Sociedad Legal de Gananciales compuesta con su esposa Jane Doe (en adelante, el “Dr. Marcos González”), solicita la revocación de una resolución emitida por el Tribunal de Primera Instancia, Sala de Ponce, Hon. Pedro Polanco Bezares, Juez, el 15 de enero de 2008, en el caso Lucía Crespo Morell y otros v. Fundación Dr. Pila h/n/c Hospital Dr. Pila; Dr. Marcos González y otros, Civil Núm. JDP2006-0605, sobre: daños y perjuicios. Mediante el dictamen, recogido en Acta transcrita el 15 de enero de 2008, se declaró Sin Lugar una Moción de Desestimación presentada por el Dr. Marcos González, sin someterse a la jurisdicción del tribunal, encaminada a que se desestimare la demanda presentada en su contra, por no haberse diligenciado el emplazamiento en el término de seis (6) meses de haber sido expedido, según dispuesto por la Regla 4.3 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 4.3.
Mediante Resolución de 21 de febrero de 2008, le concedimos a los recurridos, Lucía Crespo Morell y otros, diez (10) días, a partir de la notificación, para mostrar causa por la cual no debíamos expedir el auto solicitado y revocar la resolución emitida el 11 de enero de 2008, por el Tribunal de Primera Instancia, Sala de Ponce. En cumplimiento con lo ordenado, el 6 de marzo de 2008, los recurridos presentaron escrito titulado Oposición a Petición de Certiorari, solicitando se denegare la expedición del auto solicitado por el Dr. Marcos González.
Resolvemos con el beneficio de los escritos, el derecho y la jurisprudencia aplicable, no sin antes exponer lo acontecido.
II
El 1 de diciembre de 2006, los recurridos presentaron su demanda contra varios codemandados, entre éstos, el aquí peticionario, Dr. Marcos González, reclamándoles daños y perjuicios por alegada impericia médica. El 18 de diciembre de 2006, instancia dictó la Orden que en su parte pertinente, según transcrita, se lee como sigue:
“A tenor con lo resuelto en Pietri González v. Tribunal Superior, 117 D.P.R. 638 (1986), se reduce a 30 días el término para diligenciar el (los) emplazamiento (s), contados los mismos a partir de la notificación de esta *1125 orden. De no diligenciarse el (los) emplazamiento (s) dentro del término de 30 días aquí dispuesto, la desestimación será sin perjuicio. ”
Una vez emplazada, la parte codemandada, Fundación Dr. Manuel de la Pila Iglesias, Inc. h/n/c Hospital Dr. Pila (el “Hospital Dr. Pila”), en o para el 22 de diciembre de 2006, presentó escrito titulado Moción Solicitando Prórroga para Contestar Demanda. Posteriormente, en o para el 22 de enero de 2007, solicitó prórroga adicional para contestar la demanda, petición que el 2 de febrero de 2007, fue declarada No Ha Lugar. Finalmente, el 29 de enero de 2007, el Hospital Dr. Pila contestó la demanda. El 2 de febrero de 2007, el Hospital Dr. Pila envió a los recurridos su primer interrogatorio, el que fue contestado el 29 de marzo de 2007.
Como se notará, los procedimientos continuaron contra el Hospital Dr. Pila, sin que el Dr. Marcos González hubiese sido emplazado, y sin que los recurridos solicitaran prórroga para emplazarlo. Así las cosas, en la Conferencia Sobre el Estado de los Procedimientos celebrada el 27 de abril de 2007, la representación legal de los recurridos informó que estaba pendiente de emplazarse al Dr. Marcos González, quien sería emplazado por edicto. Es decir, transcurrido ciento cuarenta y siete (147) días de expedido el emplazamiento, al 27 de abril de 2007, aún no se había emplazado al Dr. Marcos González. Más aún, los recurridos no habían cumplido con lo ordenado por instancia el 18 de diciembre de 2006, es decir, diligenciar el emplazamiento al Dr. Marcos González en treinta (30) días. Se señaló una vista de seguimiento para el 4 de septiembre de 2007, a las 9:00 a.m.
Así las cosas, el 2 de mayo de 2007, los recurridos presentaron escrito titulado Moción Solicitando Autorización para Emplazar por Edicto, expresando desconocer la dirección del codemandado Dr. Marcos González y por ello se le hacía imposible emplazarlo personalmente. El 18 de mayo de 2007, notificada el 16 de ese mes y año, instancia declaró No Ha Lugar la solicitud de emplazar por edicto por no haberse establecido que el Dr. Marcos González no pudiera ser localizado. Los recurridos no recurrieron de ese dictamen, ni solicitaron prórroga para extender el término de seis (6) meses para diligenciar el emplazamiento.
Surge del emplazamiento dirigido al Dr. Marcos González, por sí y como integrante de la Sociedad Legal de Gananciales compuesta con Jane Doe, que fue expedido por la Secretaria del tribunal de instancia, el 1 de diciembre de 2006. Se desprende del Diligenciamiento Por Persona Particular, jurado y suscrito por el señor Ramón Ortiz Lugo, emplazador, que lo recibió el 6 de junio de 2007, notificándolo personalmente al Dr. Marcos González y su esposa Ana Inés Ruiz el 9 de agosto de 2006 (lo correcto debe ser 9 de agosto de 2007). El mismo fue presentado y juramentado por el emplazador señor Ortiz Lugo en la Secretaría de instancia, el 10 de agosto de 2007. Habiendo sido entregado el emplazamiento al emplazador Ortiz Lugo el 6 de junio de 2007, es decir, expirado los seis (6) meses de que se disponía para su diligenciamiento, el mismo fue diligenciado fuera del término dispuesto por la Regla 4.3 de Procedimiento Civil.
El emplazamiento diligenciado fue notificado al tribunal en la vista de seguimiento pautada para el 4 de septiembre de 2007. En esa vista, se hizo constar que la parte codemandada, Hospital Dr. Pila, informó por conducto de su representante legal, que se había acogido a la protección federal de la Ley de Quiebra, acompañando copia del documento titulado “Notice of Bankruptcy Case Filling”. No obstante a la información bajo juramento ofrecida por el diligenciante del emplazamiento, Ortiz Lugo, el representante legal de los recurridos señaló que se había emplazado al Dr. Marcos González el 9 de agosto de 2007, y todavía no se había emplazado a su esposa. El caso se dejó sin señalamiento en espera de que los recurridos emplazaren a la esposa del Dr. Marcos González.
Posteriormente, el 7 de septiembre de 2007, instancia dictó Sentencia Parcial, decretando la desestimación y archivo de la reclamación contra el Hospital Dr. Pila, sin perjuicio, sin imposición de costas, gastos, ni honorarios de abogado. '
El 9 de octubre de 2007, el Dr. Marcos González, sin someterse a la jurisdicción del tribunal, presentó *1126 Moción de • Desestimación. Luego de expresar todo lo concerniente al emplazamiento y la jurisprudencia aplicable, alegó que el emplazamiento se diligenció fuera del término establecido, privando al tribunal de adquirir jurisdicción sobre su persona. Finalmente, solicitó se desestimare la demanda, con perjuicio.
Así pues, el 11 de enero de 2008, fecha pautada para una Vista de Seguimiento y Discusión de la Moción de Desestimación, el tribunal declaró Sin Lugar la solicitud de desestimación del Dr. Marcos González, expresando lo siguiente: “Tomando en consideración los argumentos de las partes, lo que surge del expediente del caso y el hecho de que no ha habido una total dejadez de parte de la demandante, ya que la tardanza obedeció a que el Dr. Marcos González no podía ser localizado, el tribunal declara Sin Lugar la Moción de Desestimación presentada. ”
Inconforme, el 11 de febrero de 2008, el Dr. Marcos González presentó su recurso de certiorari. Señaló en su escrito que el foro recurrido erró al declarar No Ha Lugar la solicitud de desestimación de la demanda, a pesar de que la Regla 4.3 de Procedimiento Civil establece que se tendrá a la parte actora (el demandante) por desistida, con perjuicio, luego de transcurrido el término de seis (6) meses sin que el emplazamiento hubiere sido diligenciado.
III
Como se sabe, el emplazamiento es el mecanismo procesal que permite al tribunal adquirir jurisdicción sobre el demandado, de forma tal que éste quede obligado por el dictamen que finalmente emita. Márquez Resto v. Barreto Lima, 143 D.P.R. 137, 142 (1997). El emplazamiento diligenciado conforme a derecho es principio esencial del debido proceso de ley. El mismo tiene el propósito primordial de notificar de forma sucinta y sencilla a la parte demandada que existe una acción en su contra para así garantizarle la oportunidad de comparecer en el juicio, ser oído y presentar prueba en su defensa. Bco. Central Corp. v. Capitol Plaza, Inc., 135 D.P.R. 760, 763 (1994); Lucero v. San Juan Star, 159 D.P.R. 494, 506-507 (2003); Álvarez v. Arias, 156 D.P.R. 352 (2002). Por ello, los requisitos para el emplazamiento establecidos por la Regla 4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 4, son de cumplimiento estricto. Global Gas, Inc. v. Salaam Realty Corp., Op. de 6 de abril de 2005, 2005 JTS 48; The Chase Manhattan Bank v. Polanco Martínez, 131 D.P.R. 530 (1992); Rodríguez, v. Nashrallah, 118 D.P.R. 93 (1996); Quiñones Román v. Cia. ABC, 152 D.P.R. 367 (2000).
La Regla 4.3 (b) de las Reglas de Procedimiento Civil vigentes dispone lo siguiente:

“Regla 4.3. Quién puede diligenciarlo; término para el diligenciamiento

(a)...

(b) El emplazamiento será diligenciado en el término de seis (6) meses de haber sido expedido. Dicho término podrá ser prorrogado por un término razonable a discreción del Tribunal si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original. Transcurrido el término original o su prórroga sin que el emplazamiento se hubiere diligenciado, se tendrá a la parte actora por desistida, con perjuicio. ”

En el comentario que sigue a la referida Regla, se señala que el propósito de establecer el término de seis (6) meses para el diligenciamiento del emplazamiento, so pena de desistimiento con perjuicio, conlleva “...acelerar la tramitación de los pleitos y de que las partes ejerzan la debida diligencia ”. Por tal razón, ese mecanismo es un recurso de instancia para promover la agilización de la tramitación de los pleitos y que las partes sean diligentes, más que una defensa del demandado, quien, no obstante, podrá promoverla señalando oportunamente al tribunal la expiración del término. Global Gas, Inc., 2005 JTS 48, a la pág. 1070; Banco Metropolitano v. Berríos, 110 D.P.R. 721, 724 (1981).
*1127 Desde el caso de Monell v. Mun. de Carolina, 146 D.P.R. 20, 25 (1998), nuestro más Alto Foro ha resuelto que, aunque por lo regular los seis meses dispuestos por la Regla 4.3(b) comenzarán a decursar desde que se presenta la demanda, en efecto, el demandante tiene dichos seis meses a partir del momento en que el secretario del tribunal expide el emplazamiento. Ello, se ha resuelto, representa una responsabilidad dual. Por un lado, del deber ministerial del secretario del tribunal de instancia de expedir el emplazamiento, y por otro, de la parte interesada en que se expidan. De este modo no puede el demandante cruzarse de brazos cuando es su deber gestionar la comparecencia de la parte demandada y asegurar la jurisdicción del tribunal sobre dicha parte. Véase, Bco. Des. Econ. v. AMC Surgery, 157 D.P.R. 150, 157 (2002).
Del texto de la Regla 4.3 (b) surge que sólo se concederá prórroga para diligenciar un emplazamiento cuando medie justa causa y la misma se solicite dentro del plazo original de los seis meses. Transcurrido dicho plazo original o su prórroga sin haberse diligenciado el emplazamiento, se tendrá a la parte demandante por desistida con perjuicio. Sin embargo, de la jurisprudencia del Tribunal Supremo se desprende la marcada tendencia de flexibilizar el tenor literal de la Regla. De este modo, se ha permitido a los demandantes solicitar prórroga aun fuera del término establecido, siempre y cuando medie justa causa y, en así apreciarlo, el tribunal no abuse de su discreción, de manera que no se penalice a los demandantes con la severa sanción del desistimiento con perjuicio de la demanda. López v. Porrata-Doria, 140 D.P.R. 96, 102 (1996); First Bank of P.R. v. Inmob. Nac., Inc., 144 D.P.R. 901, 914 (1998); Pietri González v. Tribunal Superior, 117 D.P.R. 638 (1986); Banco Metropolitano, 110 D.P.R., a la pág. 725. Véase, además, la Opinión de Conformidad de la Hon. Miriam Naveira Merly, en Rosado Vda. de Rivera v. Rivera et al., (Sentencia), 155 D.P.R. 17 (2001).
Desde Banco Metropolitano, 110 D.P.R., a la pág. 725, está resuelto que en su misión de hacer justicia, la discreción es el más poderoso instrumento reservado a los jueces. Por ello, el uso de la discreción es decisivo al prorrogar el término a que se refiere la Regla 4.3 (b) de Procedimiento Civil. In re: Fernández Torres, 122 D.P.R. 859 (1988); Ortalaza v. F.S.E., 116 D.P.R. 700 (1985); Lugo v. Municipio de Bayamón, 111 D.P.R. 679 (1981). También existe discreción judicial para determinar lo que constituye justa causa o negligencia excusable conforme a la Regla 68.2 de las de Procedimiento Civil a la luz del momento procesal en que se suscite la cuestión. “La expiración del término de seis meses no tiene el efecto de caducidad de la citación, ni de nulidad, ni mucho menos afecta la jurisdicción del tribunal”. Banco Metropolitano, 110 D.P.R., a la pág. 725. 
Claro está, la discreción de los tribunales al prorrogar el término del diligenciamiento al amparo de la Regla 68.2 “no se ejercita en el vacío, ni tampoco de modo arbitrario; debe siempre haber razón bien fundada que mueva la conciencia judicial hacia ese remedio.” Banco Metropolitano, 110 D.P.R., a la pág. 725; Monell, 146 D.P.R., a la pág. 26.
Al tenor del marco doctrinal antes enunciado, el promo vente de una solicitud de prórroga viene obligado a justificar con referencia a hechos y circunstancias la razón o motivo para haber dejado transcurrir los términos de la Regla 4.3 (b) de Procedimiento Civil. Su moción debe “exponer de modo afirmativo y con especificación la razón determinante de justa causa para ampliar el término ya vencido, sobre la cual pueda operar la discreción judicial, razón que debe estar vinculada al valor de justicia que impregna la reclamación del promovente Lugo, 111 D.P.R., a la pág. 681; Monell, 146 D.P.R., a la pág. 27; First Bank of P.R., 144 D.P.R., a la pág. 915; Banco Metropolitano, 110 D.P.R., a la pág. 725.
En el ámbito del desempeño judicial, la discreción “no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho”. Pueblo v. Sánchez González, 90 D.P.R. 197, 211 (1964). Más bien, se ha entendido en nuestro ordenamiento jurídico que “la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión Justiciera”. Banco Popular de P.R. v. Municipio de Aguadilla, 144 D.P.R. 651, 658 (1997); Pueblo v. Ortega Santiago, 125 D.P.R. 203, 211 (1990); Sánchez González, 90 D.P.R., a la pág. 200.
*1128 La atemperación judicial de los términos de la Regla 4.3 (b) es cónsona con la firme política judicial de que los casos sean resueltos en los méritos. “El deber esencial de los tribunales, a fin de cuentas, es interpretar la ley para impartir justicia. ” Coll v. Picó, 82 D.P.R. 27, 38 (1960). Además, en Millón v. Caribe Motors Corp., 83 D.P.R. 494, 508 (1961), se señaló que “la justicia no puede frustrarse en nombre de reglas que se originaron con el propósito de facilitar su administración." Por ejemplo, en León v. Rest. El Tropical, 154 D.P.R. 249, 259-260 (2001), nuestro Tribunal Supremo reiteró lo expresado en Serra v. Autoridad de Transporte, 68 D.P.R. 626, 629 (1948), a los fines de enfatizar que el deber judicial es “impartir justicia y no dejarnos llevar por tecnicismos". De este modo, se expresó en dicho último caso:
“Creemos que ya es tiempo de que los litigantes se den cuenta de que este Tribunal hará todo lo que esté a su alcance para que los casos sean resueltos en sus méritos y no por sutilezas legales de alegaciones y procedimientos... Hace tiempo que los tribunales han abandonado la teoría de que impartir justicia constituye un juego. Los litigantes deben hacer lo mismo. Ninguna parte en un procedimiento tiene un interés adquirido en los errores gramaticales y de procedimiento incurridos por su adversario. ” Serra v. Autoridad de Transporte, supra, a la pág. 629.
En Doral Mortgage Corp. v. González Sánchez, (Sentencia), 158 D.P.R. 311, 315 (2003), se cuestionó la validez del emplazamiento a la sociedad de bienes gananciales por conducto de uno de los codemandados, luego de transcurrido el plazo de seis meses que dispone la Regla 4.3 (b) de Procedimiento Civil. Instancia dio por desistida la demanda con perjuicio respecto a la sociedad de gananciales y el foro apelativo confirmó. Al revocar, el Tribunal Supremo expresó que: “...salvo que retornemos a la nefasta y tan criticada era del rigorismo formalista procesal, el emplazamiento en el caso ante nuestra consideración fue suficiente para que quedara emplazada la sociedad de bienes gananciales compuesta por los codemandados... ”. La sanción de desistimiento con perjuicio ordenada en la Regla 4.3 (b) de Procedimiento Civil para la falta de diligencia en el diligenciamiento del emplazamiento “está predicada sobre la discreción del tribunal en la estimación de justa causa.” Banco Metropolitano, 110 D.P.R., a la pág. 725; First Bank of P.R., 144 D.P.R., a la pág. 914. Se ha dicho que “la Regla 4.3 (b) es un desarrollo paralelo de la 39.2 (b) sobre desestimación del pleito por inactividad, y ambas tienen el mismo propósito de acelerar la litigación y despejar los calendarios, operando la primera en la temprana etapa del pleito. Sufriría el justo equilibrio procesal, de negar [sic] a la parte que no pudo diligenciar el emplazamiento en el término original de seis meses, la oportunidad de ser oído e invocar la discreción del juez con demostración de justa causa que la Regla 39.2 ordena para los casos en que no hubiere trámite durante los últimos seis meses." Banco Metropolitano, 110 D.P.R., a la pág. 724. Existe, además, jurisprudencia interpretativa sobre la Regla 39.2 de Procedimiento Civil que claramente advierte que la desestimación de una demanda debe utilizarse como último recurso y sólo en casos extremos. Amaro González v. First Federal Savings Bank, 132 D.P.R. 1042, 1051-1052 11993).
Recientemente, en Banco Popular de Puerto Rico v. Negrón y otros, Op. de 2 de junio de 2005; 2005 JTS 84, a la pág. 1327, nuestro Tribunal Supremo resolvió que por ser la desestimación de la demanda con perjuicio la sanción más drástica que puede imponer el tribunal ante la dilación de un caso, se debe recurrir a ella en casos extremos. De este modo, siempre se deberá procurar un balance entre el interés de promover la tramitación rápida de los casos y la arraigada política pública de que los casos sean resueltos en los méritos.
Cónsono con lo anterior, se ha resuelto que “[e]n ausencia de alegación por la recurrida [parte demandada] de que hubo arbitrariedad o abuso de discreción del juez, al validar el emplazamiento diligenciado fuera del término original reglado, hemos de presumir su primera actuación bien fundada en justa causa. ” Banco Metropolitano, 110 D.P.R., a la pág. 724. Ha sido ampliamente resuelto que el foro apelativo no ha de intervenir con las facultades discrecionales concedidas a los tribunales de instancia, salvo demostración de que medió prejuicio o parcialidad en la determinación, que el juzgador incurrió en un craso abuso de dicha discreción, y/o que se equivocó en la aplicación del derecho pertinente. Rivera y otros v. Bco. Popular, 152 D.P.R. 140, 155 (2000). De todo lo anterior, el criterio rector lo será la razonabilidad en el ejercicio de discreción. Id.
*1129 Queda meridianamente claro del texto de la Regla 4.3 (b) de Procedimiento Civil y su jurisprudencia interpretativa: primero, que el término para emplazar es de seis meses; segundo, que es término puede ser prorrogado discrecionalmente por instancia, aun expirado ya el plazo; tercero, que la prórroga para emplazar se autorizará sólo por justa causa; y cuarto, el incumplimiento con el término provisto acarrea la desestimación de la demanda, con perjuicio.
Apliquemos lo anterior a los hechos ante nuestra consideración.
Como hemos mencionado, surge de los hechos que la demanda se presentó el 1 de diciembre de 2006, expidiéndose los emplazamientos en esa fecha, razón por la cual, el término de seis meses (180) días para diligenciar los emplazamientos vencía el martes 30 de mayo de 2007. Los emplazamientos al Hospital Dr. Pila se diligenciaron el 6 de diciembre de 2006.
Surge, además, que el 18 de diciembre de 2006, notificada el 19 de ese mes y año, instancia, a tenor con lo resuelto en Pietri González, v. Tribunal Superior, 117 D.P.R. 638 (1986), dictó orden reduciendo el término para diligenciar los emplazamientos a treinta (30) días, contados a partir de la notificación. Se le apercibió a los recurridos, que de los emplazamientos no ser diligenciados en ese término, se desestimaría su demanda, sin perjuicio; y como los treinta (30) días para diligenciarlos comenzaban a contar desde la notificación de la orden, ello no tendría el efecto de extender el término para diligenciarlos más allá de los seis (6) meses dispuestos por la Regla 4.3 de Procedimiento Civil.
Como se notará, los procedimientos continuaron contra el Hospital Dr. Pila, sin que el Dr. Marcos González hubiese sido emplazado, y sin que los recurridos solicitaran prórroga para emplazarlo.
Como mencionáramos, en la Conferencia Sobre el Estado de los Procedimientos celebrada el 27 de abril de 2007, la representación legal de los recurridos informó que estaba pendiente de emplazarse al Dr. Marcos González, quien sería emplazado por edicto. Es decir, transcurrido ciento cuarenta y siete (147) días de expedido el emplazamiento, al 27 de abril de 2007, aún no se había emplazado al Dr. Marcos González. Más aún, los recurridos habían incumplido con lo ordenado por instancia el 18 de diciembre de 2006, es decir, diligenciar el emplazamiento al Dr. Marcos González en treinta (30) días. Se señaló una vista de seguimiento para el 4 de septiembre de 2007, a las 9:00 a.m.
El 2 de mayo de 2007, los recurridos presentaron escrito titulado Moción Solicitando Autorización para Emplazar por Edicto, expresando desconocer la dirección del codemandado Dr. Marcos González, razón por la cual se le hacía imposible emplazarlo personalmente. El 18 de mayo de 2007, notificada el 16 de ese mes y año, instancia declaró No Ha Lugar la solicitud de emplazar por edicto por no haberse establecido que el Dr. Marcos González no pudiera ser localizado. Los recurridos no recurrieron de ese dictamen, ni solicitaron prórroga para extender el término de seis (6) meses para diligenciar el emplazamiento en la persona del Dr. Marcos González.
Surge que el emplazamiento dirigido al Dr. Marcos González, por sí y como integrante de la Sociedad Legal de Gananciales compuesta con Jane Doe, fue expedido por la Secretaria del tribunal de instancia, el 1 de diciembre de 2006. Se desprende del Diligenciamiento Por Persona Particular, jurado y suscrito por el señor Ramón Ortiz Lugo, emplazador, que recibió el emplazamiento el 6 de junio de 2007, notificándolo personalmente al Dr. Marcos González y su esposa Ana Inés Ruiz el 9 de agosto de 2006 (lo correcto debe ser 9 de agosto de 2007). El mismo fue presentado en la Secretaría de instancia, el 10 de agosto de 2007. Es decir, el emplazamiento fue recibido por el emplazador el 6 de junio de 2007, ya expirado los seis (6) meses para diligenciarlo, y por consiguiente, su diligenciamiento fue en exceso del término establecido por la Regla 4.3 de Procedimiento Civil.
En la vista pautada para el 4 de septiembre de 2007, el emplazamiento diligenciado fue notificado al tribunal. Es menester señalar, a que no obstante, a la información bajo juramento ofrecida por el diligenciante del *1130 emplazamiento, señor Ortiz Lugo, el representante legal de los recurridos señaló que se había emplazado al Dr. Marcos González el 9 de agosto de 2007, y todavía no se había emplazado a su esposa.
Posteriormente, el Dr. Marcos González presentó su solicitud de desestimación sin someterse a la jurisdicción del tribunal, la que fue declarada No Ha Lugar el 11 de enero de 2008, entre otros, “por el hecho de que no ha habido una total dejadez, de parte de la demandante, ya que la tardanza obedeció a que el Dr. Marcos González no podía ser localizado... ”. Discrepamos del foro de instancia. Es menester señalar que el 8 de mayo de 2007, instancia denegó el emplazamiento por edicto solicitado por los recurridos por no haber acreditado que el Dr. Marcos González no podía ser localizado, por lo cual no procedía utilizar ese fundamento para denegar la solicitud de desestimación. Ello, porque que el Dr. Marcos González estuvo siempre disponible. Los recurridos fueron los que fallaron en hacer las diligencias oportunas para diligenciar el emplazamiento en su persona. Por otro lado, nótese, como hemos señalado, que el emplazamiento fue recibido por el emplazador el 6 de junio de 2007, es decir, expirado los seis meses para su diligenciamiento.
En mérito de lo cual, expedimos el auto solicitado y revocamos la Resolución emitida por el Tribunal de Primera Instancia, Sala de Ponce, el 11 de enero de 2008. En su lugar, decretamos Ha Lugar la desestimación, con perjuicio, según solicitada por el Dr. Marcos González. Por consiguiente, su Moción en Auxilio de Jurisdicción presentada el 19 de marzo de 2008, se tornó académica.
Notifíquese por telefax y por correo ordinario.
Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones
ESCOLIOS 2008 DTA 54
1. Comentarios del Secretariado de la Conferencia Judicial. 32 L.P.R.A. Ap. III, Regla 4.3.
2. La Regla 68.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, reza. “Cuando por estas reglas o por una notificación dada en virtud de sus disposiciones, o por una orden del tribunal se requiera o permita la realización de un acto en o dentro de un plazo especificado, el tribunal podrá, por justa causa, en cualquier momento y en el ejercicio de su discreción: (1) previa moción o notificación o sin ellas, ordenar que se prorrogue o acorte el término si así se solicitare antes de expirar el término originalmente prescrito o según prorrogado por orden anterior, o (2) a virtud de moción presentada después de haber expirado el plazo especificado, permitir que el acto se realice si la omisión se debió a negligencia excusable... ”.
3. La doctrina pautada en Banco Metropolitano v. Berrios, supra, ha sido un tanto erosionada en virtud de la interpretación literal de la Regla 4.3 (b) de las de Procedimiento Civil en Reyes v. ELA, et al, 155 D.P.R. 799 (2001). No obstante, véase la opinión disidente de la Hon. Miriam Naviera Merly en dicho caso y casos más recientes como Global v. Salaam, supra.