*849 TEXTO COMPLETO DE LA SENTENCIA
Los peticionarios, William Torres Soto, su esposa Nilda María Soto Mercado y la Sociedad de Gananciales compuesta por ambos, solicitan la revocación de la Sentencia Parcial emitida el 24 de octubre de 2001, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante la misma, se archivó la acción presentada por ellos en cuanto a la esposa y la sociedad de gananciales del co-demandado Dr. Alberto Ramos Cruz y las compañías aseguradoras de éstos, denominadas ABC y CDE, por no haberse emplazado a dichos co-demandados dentro del término de Ley.
Por los fundamentos que expondremos, expedimos y revocamos la Sentencia Parcial recurrida.
I
El 23 de febrero de 2001, William Torres Soto, su esposa Nilda María Soto Mercado y la Sociedad de Gananciales compuesta por ambos (los peticionarios) presentaron ante el Tribunal de Primera Instancia demanda en daños y perjuicios por impericia médica contra el Dr. Alberto Ramos Cruz, su esposa "Fulana de Tal" y la Sociedad Legal de Gananciales compuesta por ambos, Hospital San Pablo, Inc. y las aseguradoras de los demandados "ABC" y "CDE". Alegaron que como resultado de una infección surgida en la herida quirúrgica de una intervención realizada por el Dr. Alberto Ramos Cruz, el señor William Torres Soto sufrió la amputación de su pierna y que, debido al descuido y negligencia en el tratamiento recibido luego de esa amputación, también tuvo que amputársele la rodilla. Solamente se expidieron los emplazamientos dirigidos contra el Dr. Alberto Ramos Cruz, su esposa "Fulana de Tal" y el Hospital San Pablo.
El Hospital San Pablo y el Dr. Alberto Ramos Cruz quedaron debidamente emplazados los días 13 y 15 de marzo de 2001, respectivamente. No se diligenció el emplazamiento expedido en contra de la esposa del Dr. Alberto Ramos Cruz designada con el nombre ficticio de "Fulana de Tal".
El 23 de agosto de 2001, los peticionarios solicitaron la expedición de un nuevo emplazamiento dirigido a la esposa "Fulana de Tal" y, por primera vez, solicitaron la expedición de los emplazamientos dirigidos a las aseguradoras de los demandados denominadas con los nombres ficticios "ABC" y "CDE". Alegaron que no habían emplazado a la esposa "Fulana de Tal" porque desconocían su nombre, y a las aseguradoras "ABC" y "CDE" porque desconocían sus respectivos nombres y direcciones. Señalaron que esperaban obtener dicha información durante la etapa de descubrimiento de prueba. En contestación a dicha solicitud, el 8 de octubre de 2001, el Tribunal de Instancia emitió una orden que dispuso: "Esos emplazamientos no se acompañan con la moción y ya se expidieron los sometidos por la [dmdte] el 23feb 2001. Se advierte que la [dmdte] no ha cumplido [a] la regla 4 de las de Procedimiento Civil." El 11 de octubre de 2001, se cursó el primer pliego de interrogatorios y requerimiento de admisiones a los co-demandados Dr. Alberto Ramos Cruz y Hospital San Pablo.
*850 Así las cosas, el 24 de octubre de 2001, el Tribunal de Primera Instancia emitió Sentencia Parcial ordenando el archivo de la acción "en cuanto a la esposa y sociedad de gananciales del Dr. Ramos Cruz y aseguradoras de los demandados". Concluyó el tribunal que, transcurrido el término de seis (6) meses desde que los emplazamientos fueron expedidos, sin que los mismos hubieren sido diligenciados y sin que se hubiere explicado tal incumplimiento o justa causa para la dilación, procedía se entendiera como desistida la acción en cuanto a dichas partes, con perjuicio. No conforme con dicha determinación, el 1 de noviembre de 2001, los peticionarios solicitaron la reconsideración y/o relevo de sentencia. Alegaron que desconocían los nombres y direcciones de tales co-demandados debido a que el descubrimiento de prueba se encontraba todavía en la etapa inicial, que ante la orden emitida el 8 de octubre de 2001 se proponían presentar nuevamente los proyectos de emplazamientos con nombres ficticios, que aun restaba por utilizar el recurso de emplazamientos por edictos y, por último, que el término para diligenciar el emplazamiento de las aseguradoras "ABC" y "CDE" aún no había comenzado a decursar debido a que los emplazamientos todavía no habían sido expedidos. El 7 de noviembre de 2001, el Tribunal de Primera Instancia declaró sin lugar la solicitud de reconsideración y/o relevo de sentencia. Dicha orden fue notificada a las partes el 14 de noviembre de 2001.
Oportunamente, los peticionarios acudieron ante nos solicitando la revocación de la Sentencia Parcial señalando que:

“Erró el Honorable Tribunal de Instancia al declarar No Ha Lugar la Moción Solicitando Nuevos Emplazamientos para la co-demandada Fulana de Tal, esposa del co-demandado Dr. Alberto Ramos Cruz.-

Erró el Honorable Tribunal de Instancia al declarar No Ha lugar la Moción Solicitando Nuevos Emplazamientos para la co-demandada ABC, aseguradora del co-demandado Alberto Ramos Cruz.

Erró el Honorable Tribunal de Instancia al desestimar la demanda en cuanto a la co-demandada Fulana de Tal y la Aseguradora ABC por falta de emplazamiento.

Erró el Honorable Tribunal de Instancia al declarar No Ha Lugar la Moción de Reconsideración y/o Relevo de Sentencia presentada por los demandantes para impedir la desestimación de la demanda en cuanto a la co-demandada Fulana de Tal y la Aseguradora ABC. ”

El 1 de febrero de 2002, concedimos un término de veinte (20) días a la parte recurrida para que mostrara causa por la cual no debíamos expedir el auto presentado y revocar la sentencia parcial recurrida. Desde que emitimos nuestra orden, han transcurrido aproximadamente diez (10) meses sin que la parte recurrida hubiera presentado su alegato. Por tanto, procedemos a resolver sin el beneficio de su comparecencia.
II
El emplazamiento es el mecanismo procesal, de honda raíz constitucional, mediante el cual un tribunal adquiere jurisdicción sobre la persona del demandado. Su propósito es notificarle la presentación de una acción judicial en su contra de manera que pueda, si así lo desea, comparecer para ser oído y defenderse de la reclamación. El trámite de su diligenciamiento dispuesto en la Regla 4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, debe cumplirse rigurosamente. De lo contrario, el tribunal no adquirirá jurisdicción sobre la persona del demandado. León García v. Restaurante El Tropical, 154 D.P.R. _ (2001), 2001 J.T.S. 84, página 1326; Quiñones Román v. Cía ABC, 152 D.P.R. _ (2000), 2000 J.T.S. 172, página 295; Firt Bank of P.R. v. Inmob. Nac. Inc., 144 D.P.R. 901, 913 (1998); Márquez v. Barreto, 143 D.P.R. 137, 143-44 (1997); Peguero y otros v. Hernández Pellot, 139 D.P.R. 487, 494 (1995).
La Regla 4.3(b) de Procedimiento Civil, supra, dispone que como norma general el emplazamiento debe ser diligenciado en el término de seis (6) meses de haber sido expedido, contados a partir de la fecha en que se presentó la demanda. Solamente admite prórroga cuando la parte demandante demuestra razones suficientes para *851 mover la discreción del tribunal a favor de. conceder un término adicional para tramitar el diligenciamiento. Transcurrido el plazo sin que ello se haya procurado, y sin justa causa para la demora, el tribunal debe dar por desistida con perjuicio la acción judicial. Monell v. Municipio de Carolina, 146 D.P.R. 20, 25 (1998). Sin embargo, los tribunales tienen discreción para prorrogar el término provisto para diligenciar el emplazamiento por un período razonable, aun expirado el plazo de seis (6) meses, siempre y cuando la parte que lo solicite demuestre justa causa para ello y no haya abuso de discreción por parte del tribunal. Firt Bank of P.R. v. Inmob. Nac. Inc., supra, página 914.
El plazo de seis (6) meses para diligenciar un emplazamiento es también aplicable al demandado desconocido traído al pleito. La misma regla autoriza al reclamante diligente que ignore el nombre de un demandado, pero conozca su identidad, a incluirlo en la demanda original con uno ficticio. Una vez le sea revelado el nombre verdadero, hará con toda prontitud la enmienda correspondiente en la alegación, la cual será retroactiva a la fecha en que se interpuso la demanda original, aunque haya expirado el término prescriptivo para ejercer la acción. Ortiz Díaz v. R. & R. Motors Sales Corp., 131 D.P.R. 829, 836 (1992); Núñez González v. Jiménez Miranda, 122 D.P.R. 134 (1988); Vélez Torres, Tratado de Derecho Procesal Civil, San Juan, P.R., Publicaciones JTS, 2000, Tomo I, pág. 365.
Sin embargo, para que la parte se beneficie de los efectos retroactivos de la enmienda, es preciso que su ignorancia sobre el verdadero nombre del demandado sea real y no falsa o espuria. Fuentes v. Tribl. de Distrito, 73 D.P.R. 959, 986-987 (1952). El propósito de dicho precepto procesal civil es el de atemperar los efectos de los términos prescriptivos cuando a pesar de la diligencia del reclamante y del hecho que éste conocía la identidad del deudor, no había podido obtener el nombre correcto para entablar en tiempo la demanda en su contra. Véase, Núñez González, supra, páginas 139-140.
Para que el tribunal adquiera jurisdicción sobre la persona de un demandado cuyo nombre es desconocido, el reclamante tiene dos (2) opciones. De conformidad con las Reglas 4.5 y 4.6 de las de Procedimiento Civil puede escoger emplazarlos por edictos dentro del plazo de seis (6) meses provisto en la Regla 4.3(b). También tiene a su alcance el utilizar los mecanismos de descubrimiento de prueba para obtener los nombres verdaderos y las direcciones de los demandados designados con nombres ficticios y luego proceder a enmendar la demanda y emplazarlos personalmente. Sin embargo, si se decide por este último curso procesal, y no se logra completar el trámite para gestionar el emplazamiento y su diligenciamiento dentro de los seis (6) meses que establece la Regla 4.3(b), es preciso que solicite una prórroga acreditando las razones justificativas para el incumplimiento. De lo contrario, se expone a que el-tribunal de por desistida con perjuicio la reclamación contra ese demandado. Núñez González, supra, pág. 143.
De otra parte, la Regla 15.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 15.4, utilizada correctamente, permite la sustitución de un demandado desconocido que había sido parte desde el inicio de la acción judicial. Véase, Ortiz v. Gobierno Municipal de Ponce, 94 D.P.R. 472 (1967). Con ello no es que se incluya a un nuevo demandado, ya que siempre ha sido la intención del demandante llevar al pleito a la persona que originalmente sé denominó con un nombre ficticio.
Al respecto, el Dr. José Cuevas Segarra señala lo siguiente:

“En la litigación de daños y perjuicios, este instituto de uso diario [la Regla 15.4] es de cardinal importancia. Permite que luego de transcurrido el plazo de un año para el ejercicio de la acción y con carácter retroactivo se sustituya a una parte denominada inicialmente con nombre supuesto y sustituirla con su verdadero nombre en reclamaciones contra patronos, fabricantes, compañías de seguro y cualesquiera otras personas naturales o jurídicas que incurrieron en actos culposos y/o negligentes a los que se refiere la demanda o personas por las que deben responder cuyos nombres se desconocían al momento de entablar la demanda. De manera que los demandantes pueden optar primero por utilizar los mecanismos de descubrimiento de prueba 
*852
para obtener los nombres verdaderos y direcciones de los demandados designados con nombres ficticios, para luego proceder a enmendar la demanda y emplazarlos personalmente. Si se opta por este curso procesal y no se logra completar el proceso dentro del término de seis (6) meses que dispone la Regla 4.3(b) de Procedimiento Civil para el emplazamiento, el demandante tiene que solicitar prórroga exponiendo las razones justificativas del incumplimiento. ”

La Responsabilidad Civil y el Daño Extracontractual en Puerto Rico, Publicaciones JTS, 1993, página 61. Citas omitidas.
Con ese trasfondo conceptual, veamos la situación que nos ocupa.
III
Por estar relacionados, discutiremos en conjunto los errores señalados. El argumento de los peticionarios gira en tomo a la determinación del Tribunal de Primera Instancia de desestimar la demanda en cuanto a la esposa "Fulana de Tal" y las compañías aseguradoras "ABC" y "CDE", por la alegada inobservancia de éstos en cumplir con el término de seis (6) meses establecido por la Regla 4.3(b) para tramitar el diligenciamiento del emplazamiento a demandados que fueron incluidos en la demanda original con nombres ficticios, sea mediante edictos o solicitando la prórroga correspondiente. 
De los autos ante nos surge que los emplazamientos dirigidos contra el Dr. Alberto Ramos Cruz, su esposa "Fulana de Tal" y el Hospital San Pablo fueron expedidos el mismo día de la presentación de la demanda ante el Tribunal de Primera Instancia, el 23 de febrero de 2001. Surge además que tanto el Hospital San Pablo como el Dr. Alberto Ramos Cruz quedaron debidamente emplazados los días 13 y 15 de marzo de 2001, respectivamente. La única persona sobre la cual no se diligenció el emplazamiento fue la esposa del Dr. Alberto Ramos Cruz denominada con el nombre ficticio de "Fulana de Tal". En su moción solicitando la expedición de nuevos emplazamientos, los peticionarios solicitaron la expedición de un nuevo emplazamiento en cuanto a dicha parte. Señalaron que no habían emplazado a la esposa "Fulana de Tal" debido a que desconocían su nombre e indicaron que esperaban identificar el mismo durante la etapa del descubrimiento de prueba, la cual se encontraba en su etapa inicial. Posteriormente, en reconsideración, expresaron que habían cursado a los co-demandados Dr. Alberto Ramos Cruz y Hospital San Pablo un primer pliego de interrogatorios y requerimiento de admisiones sobre los cuales, al momento en que el Tribunal de Primera Instancia emite la Sentencia Parcial, no habían recibido respuesta. Siendo así, a pesar de que conocían su identidad, los peticionarios aún no habían podido obtener el nombre correcto de dicha parte.
De lo anterior surge que ante el desconocimiento del nombre correcto de la esposa "Fulana de Tal", los peticionarios optaron por utilizar el mecanismo de descubrimiento de prueba para obtener el nombre verdadero de la demandada designada con nombre ficticio para luego proceder a enmendar la demanda y emplazarla personalmente. Para evitar que transcurriera el término de seis (6) meses para diligenciar el emplazamiento, cuando los peticionarios llamaron la atención al tribunal en cuanto a ese hecho, indicaron sus razones para la demora en el diligenciamiento y solicitaron, dentro de dicho plazo, la expedición de un nuevo emplazamiento. La justificación ofrecida a los efectos de que desde el inicio del pleito desconocían el nombre verdadero de la esposa "Fulana de Tal" y de que, por apenas haber comenzado la etapa de descubrimiento de prueba todavía desconocían ese hecho, constituyó una solicitud de una prórroga que estuvo apoyada en una razón suficiente que evidenció la demora. No existía razón para no conceder la prórroga solicitada, más aún cuando ésta fue presentada en cumplimiento con las Reglas de Procedimiento Civil. Por tanto, erró el Tribunal de Instancia al declarar sin lugar la moción solicitando nuevos emplazamientos para la co-demandada "Fulana de Tal", esposa del co-demandado Dr. Alberto Ramos Cruz, y al desestimar la acción en cuanto a dicha parte.
La situación no es diferente en cuanto a la aseguradora "ABC", aseguradora del co-demandado Dr. Alberto Ramos Cruz. Los peticionarios solicitaron por primera vez la expedición de los emplazamientos en la misma *853 moción en la cual solicitaron la nueva expedición dirigida a "Fulana de Tal". Solicitaron la prórroga acreditando las razones para tal incumplimiento, a saber, que no habían sometido los proyectos de emplazamientos en cuanto a las compañías aseguradoras por desconocer sus respectivos nombres y direcciones debido a que el descubrimiento de prueba se encontraba en su etapa inicial. Aunque los peticionarios pudieron actuar con mayor premura, su solicitud está, aún, en armonía con lo prescrito en las Reglas de Procedimiento Civil. Esto es, las aseguradoras fueron designadas con nombres ficticios y, al no poder tramitarse los emplazamientos dentro del término provisto para ello, se solicitó una prórroga acreditando las razones del incumplimiento. Consecuentemente, incidió el tribunal recurrido al declarar sin lugar la moción solicitando la expedición de emplazamientos dirigidos a dicha aseguradora y, por los mismos fundamentos antes expuestos, también erró al desestimar la acción en su contra.
Igualmente, erró el Tribunal de Primera Instancia al no reconsiderar su Sentencia Parcial ante la situación planteada, a pesar de haberse presentado oportunamente la solicitud a tales efectos. Procedía expedir los emplazamientos solicitados, tanto los dirigidos a la compañía aseguradora "ABC", como los dirigidos a la esposa "Fulana de Tal".
IV
Por los fundamentos antes expresados, expedimos el auto solicitado y revocamos la Sentencia Parcial recurrida. Se devuelve el caso al tribunal de origen para que se continúen con los procedimientos de forma compatible con lo aquí resuelto.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau Secretaria General
ESCOLIOS 2003 DTA 33
1. No surge del recurso cuál de las dos piernas fue la que sufrió las amputaciones.
2. Posteriormente, los peticionarios desistieron de la acción en contra del Hospital San Pablo.
3. Página 32 del apéndice del recurso.
4. Habían cursado un primer pliego de interrogatorio y requerimiento de admisiones que aún no había sido contestado por los co-demandados Dr. Alberto Ramos Cruz y Hospital San Pablo.
5. A pesar de que también se archivó la acción en cuanto a la Sociedad Legal de Gananciales del Dr. Alberto Ramos Cruz, los peticionarios no lo alegaron como error.