EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Larry E. Bernier González<br>Cathy E. Bernier González<br>Elsie Esther González Mercado<br><br>Recurridos<br><br>v.<br><br>José Carlos Rodríguez Becerra<br><br>Peticionario | Certiorari<br><br>2018 TSPR 114<br><br>200 DPR ____ |
| --- | --- |

Número del Caso: CC-2015-304


Fecha: 22 de junio de 2018


Tribunal de Apelaciones:

      Región Judicial de Ponce-Humacao


 Abogado del peticionario:

      Lcdo. Gamaliel Rodríguez López


Abogado del recurrido:

      Lcdo. José Santiago Pereles


Materia: Derecho procesal civil: El término para diligenciar el emplazamiento que confiere la Regla 4.3 (c) de Procedimiento Civil es improrrogable.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

Larry E. Bernier González
Cathy E. Bernier González
Elsie Esther González Mercado

     Recurridos

        v.

José Carlos Rodríguez Becerra

     Peticionario

CC-2015-0304     Certiorari

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

San Juan, Puerto Rico, a 22 de junio de 2018.

Este caso nos presenta la oportunidad de establecer si, con posterioridad a la aprobación de la Regla 4.3 (c) de Procedimiento Civil de 2009, *infra*, el término de 120 días para diligenciar los emplazamientos puede prorrogarse.

Resolvemos que el término para diligenciar el emplazamiento es improrrogable. Veamos.

**I**

El caso ante nuestra consideración se originó el 19 de abril de 2011 mediante la presentación de una demanda sobre daños y perjuicios por parte del Sr. Larry E. Bernier González, la Sra. Cathy E.

Bernier González y la Sra. Elsie E. González Mercado (recurridos), en contra del Sr. José Carlos Rodríguez Becerra (peticionario). Sin embargo, luego de varios trámites procesales, el Tribunal de Primera Instancia desestimó -sin perjuicio- la referida demanda al amparo de la Regla 39.2 (a) de Procedimiento Civil, 32 LPRA Ap. III.[1]

Así, el 16 de octubre de 2013 los recurridos presentaron, por segunda ocasión, la demanda sobre daños y perjuicios. En esta misma fecha, la Secretaría del Tribunal de Primera Instancia expidió los emplazamientos correspondientes para su diligenciamiento. Posteriormente, mediante una Orden notificada el 16 de diciembre de 2013, el foro de instancia redujo el término para diligenciar los emplazamientos a 45 días.[2] Además, apercibió a los recurridos que el incumplimiento con lo ordenado conllevaría la desestimación -sin perjuicio- de la causa de acción.[3]

A pesar de lo anterior, el 24 de enero de 2014, antes de que venciera el término de 45 días para emplazar, los recurridos presentaron una *Moción urgente solicitando prórroga para diligenciar emplazamiento.* Mediante una Orden notificada el 5 de febrero de 2014, el

---

[1] *Sentencia* (Caso Núm. JDP2012-0439), Apéndice de la Petición de *certiorari*, pág. 73.

[2] Nótese que el término concedido de 45 días para emplazar vencía el 30 de enero de 2014.

[3] *Orden*, Apéndice de la Petición de *certiorari*, págs. 74-75.

Tribunal de Primera Instancia concedió a los recurridos el término de 45 días adicionales para diligenciar el emplazamiento.[4]

Tras no poder diligenciar personalmente los emplazamientos, el 7 de marzo de 2014 los recurridos solicitaron una autorización para emplazar mediante edicto.[5] Para respaldar su petición, los recurridos anejaron una declaración jurada en la que acreditaron las gestiones realizadas para emplazar personalmente al peticionario, las cuales alegaron resultaron ser infructuosas.[6] En respuesta, el foro de instancia resolvió conforme a lo solicitado y, mediante una Orden notificada el 19 de marzo de 2014, expidió los emplazamientos. De conformidad con la orden autorizando a emplazar mediante edicto, los recurridos acreditaron la publicación del mismo y su envío a la última dirección conocida del peticionario.[7]

A raíz de lo anterior, el peticionario presentó una solicitud para que se desestimara -con perjuicio- la

---

[4] *Orden*, Apéndice de la Petición de *certiorari*, pág. 81. Nótese que, una vez fue concedida la prórroga, el Sr. Larry E. Bernier González, la Sra. Cathy E. Bernier González y la Sra. Elsie E. González Mercado (recurridos) tenían hasta el 17 de marzo de 2014 para diligenciar el emplazamiento.

[5] *Moción solicitando publicación de edicto,* Apéndice de la Petición de *certiorari*, págs. 82-83.

[6] *Declaración jurada*, Apéndice de la Petición de *certiorari*, págs. 84-85.

[7] *Moción en cumplimiento de orden*, Apéndice de la Petición de *certiorari*, págs. 90-91.

demanda.[8] En resumen, el peticionario alegó que, de conformidad con la Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, el Tribunal de Primera Instancia no tenía discreción para prorrogar el término de 120 días para emplazar, toda vez que los emplazamientos se expidieron el mismo día en que se presentó la demanda, entiéndase el 16 de octubre de 2013. Añadió que no fue hasta el 19 de marzo de 2014, es decir, 146 días después de la presentación de la demanda que el foro primario ordenó el emplazamiento por edicto. Conforme a ello, el peticionario solicitó que se declarase nulo el emplazamiento por edicto y que, consecuentemente, se desestimara la demanda con perjuicio. Por su parte, los recurridos se opusieron a la solicitud de desestimación.[9]

Así las cosas, el 29 de octubre de 2014 el Tribunal de Primera Instancia notificó una Resolución en la que declaró "no ha lugar" la solicitud de desestimación.[10] Ello, tras concluir que adquirió jurisdicción sobre el peticionario. El foro de instancia manifestó que:

> En este caso, el Tribunal está seguro que el [peticionario] conoce del procedimiento en su contra, al menos desde la fecha en que se recibió la comunicación con copia de la demanda y del emplazamiento por edictos en la dirección que el propio [peticionario], en su comparecencia especial reclamando desestimación, admite reside.

---

[8] *Solicitud para que se desestime y archive con perjuicio el caso de epígrafe al amparo de la Regla 4.3(c)*, Apéndice de la Petición de *certiorari*, págs. 92-103.

[9] *Moción urgente solicitando vista evidenciaria y otros asuntos*, Apéndice de la Petición de *certiorari*, págs. 107-109.

[10] *Resolución*, Apéndice de la Petición de *certiorari*, págs. 145-162.

Ello, unido a todo el trámite anterior a la Orden autorizando el emplazamiento por edicto, es garantía del estricto cumplimiento que se ha dado en este caso, con el debido procedimiento de ley que cobija al [peticionario] y ello ha permitido al Tribunal adquirir Jurisdicción sobre [éste].[11]

Ante la denegatoria de la solicitud de desestimación, el 13 de noviembre de 2014 el peticionario presentó una reconsideración, la cual fue denegada mediante una Resolución notificada el 25 de noviembre de 2014.

Inconforme, el 29 de diciembre de 2014 el peticionario presentó un recurso de *certiorari* ante el Tribunal de Apelaciones,[12] en el cual señaló que el Tribunal de Primera Instancia erró al prorrogar el término de 120 para emplazar y, además, al permitir que se diligenciara el emplazamiento a través del mecanismo de publicación de edictos.

El 18 de febrero de 2015 el Tribunal de Apelaciones notificó una Resolución en la que denegó la expedición del auto de *certiorari*. En síntesis, el foro apelativo intermedio expresó lo siguiente:

En este caso, el 24 de enero de 2014, transcurridos 100 días de los 120 que tenían para diligenciar los emplazamientos, [los recurridos presentaron una] *Moción Urgente Solicitando Prórroga para diligenciar emplazamiento.* A pesar de que bajo el palio de la transcrita Regla 4.3

---

[11] *Resolución* del Tribunal de Primera Instancia, Apéndice de la Petición de *certiorari*, págs. 145-162.

[12] Destacamos que el Sr. José Carlos Rodríguez Becerra (peticionario)acudió ante el Tribunal de Apelaciones en fecha hábil debido a que el 26 de diciembre de 2014 se consideró día feriado para efectos de la computación de los términos para recurrir. Véase In re Extensión Términos I, 192 DPR 72 (2014).

(c) posiblemente no tenían derecho a ello, pues los emplazamientos se emitieron en la misma fecha en que se presentó la *Demanda*, el Tribunal recurrido concedió lo pedido y extendió el término para emplazar más allá de los 120 días reglamentarios. Ahora bien, como todo estatuto, la discutida Regla 4.3 (C) debe aplicarse en atención a las circunstancias particulares de cada caso. Pues son los hechos los que determinan el Derecho y no a la inversa.

El récord judicial refleja que [los recurridos realizaron] activamente gestiones para emplazar personalmente al [peticionario]. Lejos de incurrir en la inacción que se desea desalentar con la Regla, [los recurridos fueron proactivos] en tratar de emplazar al [peticionario]. De nuevo, lo anterior, constituyen razones válidas para que procediera, bajo la Regla 49.2, el relevo de sentencia de desestimación o archivo que hubiera dictado el Foro recurrido.[13]

De esta manera, el foro apelativo intermedio concluyó que, por las particularidades del caso, procedía denegar la expedición del recurso de *certiorari*. En desacuerdo, el 24 de febrero de 2015 el peticionario presentó una reconsideración, la cual fue denegada mediante una Resolución notificada el 17 de marzo de 2015.

Insatisfecho, el 16 de abril de 2015 el peticionario presentó una Petición de *certiorari* ante este Tribunal. En específico, señaló lo siguiente:

(1) Erró el Honorable Tribunal de Apelaciones al convalidar la actuación del TPI de extender el término para emplazar de 120 días que dispone la Regla 4.3 de Procedimiento Civil sin tener facultad para hacerlo.

(2) Erró el Honorable Tribunal de Apelaciones al igual que el TPI al acceder a que los recurridos emplazaran mediante la publicación de edictos conforme dispone la Regla 4.6 de Procedimiento Civil, cuando lo exigido por dicha regla no es de

---

[13] Véase *Resolución*, Apéndice de la Petición de *certiorari*, pág. 22.

aplicación a los hechos que tuvo ante sí tanto el TPI como el Honorable Tribunal de Apelaciones, porque dicha regla aplica cuando la persona a ser emplazada está fuera de Puerto Rico o estando no puede ser localizada, o se oculta, situaciones que no se dieron.

(3) Erró el Honorable Tribunal de Apelaciones al convalidar la discreción del TPI, autorizando el emplazamiento mediante la publicación de edictos aun cuando los recurridos no llevaron a cabo gestión afirmativa para emplazar al peticionario, más aún cuando todos y cada uno de los recurridos conocían dónde reside el peticionario.

Con la comparecencia de ambas partes, procedemos a resolver la controversia ante nuestra consideración.

## II

A. <u>El emplazamiento</u>

El emplazamiento es un mecanismo procesal que tiene como propósito notificar al demandado sobre la existencia de una reclamación incoada en su contra y es a través de este mecanismo que el tribunal adquiere jurisdicción sobre la persona del demandado.[14] Es decir, "representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial".[15] Una vez emplazado, el demandado podrá comparecer al juicio, ejercer su derecho a ser oído y presentar prueba a su favor.[16] Por ello, a los demandados les asiste el derecho

---

[14] Véanse <u>Cirino González v. Adm. Corrección</u>, 190 DPR 14, 30 (2014); <u>Banco Popular v. SLG Negrón</u>, 164 DPR 855, 863 (2005), <u>First Bank of PR v. Inmob Nac., Inc.</u>, 144 DPR 901, 913 (1998).

[15] <u>Acosta v. ABC, Inc.</u>, 142 DPR 927, 931 (1997).

[16] <u>Banco Popular v. SLG Negrón</u>, 164 DPR 855, 863 (2005).

de ser emplazados conforme a derecho.[17] Consecuentemente, se requiere el cumplimiento con las disposiciones de la Regla 4 de Procedimiento Civil de 2009, 32 LPRA Ap.V.

Es política pública de nuestro ordenamiento jurídico que se evite el fraude y se utilicen procedimientos judiciales que priven a una persona de su propiedad sin el debido proceso de ley.[18] "Esa política pública de que se haga bien el emplazamiento pesa más en este caso que el principio de economía procesal".[19] Por ello, "se permite al demandado impugnar el emplazamiento a fines de asegurar el estricto cumplimiento de las reglas sobre emplazamientos de parte de los demandantes".[20]

B.   El término para diligenciar el emplazamiento

La anterior Regla 4.3 (b) de Procedimiento Civil de 1979, 32 LPRA Ap. III, disponía que el término para diligenciar el emplazamiento era de 6 meses. **No obstante, ese término podía ser prorrogado a discreción del tribunal, en el escenario en que el demandante demostrara justa causa para ello.[21] Además, la Regla enfatizaba que si no se lograba diligenciar el emplazamiento dentro del**

---

[17] Sánchez Rivera v. Malavé Rivera, 192 DPR 854, 869 (2015).

[18] Quiñones Román v. CIA ABC, 152 DPR 367,375(2000); First Bank of PR v. Inmob. Nac., Inc, supra, pág. 916.

[19] R. Hernández Colón, Práctica Jurídica de Puerto Rico: derecho procesal civil, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 258.

[20] Hernández Colón, op. cit., pág. 258.

[21] Véanse First Bank of PR v. Inmob. Nac., Inc., supra; López v. Porrata-Doria, 140 DPR 96 (1996) y Banco Metropolitano v. Berríos,110 DPR 721 (1981).

**término original o de la prórroga concedida entonces se**

**tendría por desistida la demanda con perjuicio.**[22]

Ahora bien, bajo la encomienda de evaluar las Reglas

de Procedimiento Civil, este Tribunal reactivó el Comité

Asesor Permanente de las Reglas de Procedimiento Civil

(Comité Asesor). Luego de una extensa evaluación de las

Reglas de Procedimiento Civil y del insumo de la

comunidad jurídica, el Comité Asesor remitió a este Foro

su Informe Final. En lo pertinente, el Comité Asesor

sugirió lo siguiente:

> (c) El emplazamiento será diligenciado en el término
> de noventa (90) días a partir de la presentación de
> la demanda o de la fecha de expedición de la orden
> para el emplazamiento por edicto. Transcurrido dicho
> término sin que se haya diligenciado el
> emplazamiento, el tribunal deberá dictar sentencia
> decretando la desestimación y archivo sin perjuicio.
> Una subsiguiente desestimación y archivo por
> incumplimiento con el término aquí dispuesto tendrá
> el efecto de una adjudicación en los méritos. *Informe
> De Reglas De Procedimiento Civil*, marzo 2008.

Vemos, como el Comité Asesor, además de sugerir

reducir el término para emplazar a 90 días, propuso

eliminar la discreción del Tribunal de Primera Instancia

para la concesión de prórrogas y el carácter fatal de la

primera desestimación. Consecuentemente, en la

---

[22] El texto original de la Regla 4.3 (b), 32 LPRA Ap. III, leía como sigue:
> […]
> (b) El emplazamiento será diligenciado en el término de
> seis (6) meses de haber sido expedido. Dicho término solo
> podrá ser prorrogado por un término razonable a discreción
> del tribunal si el demandante demuestra justa causa para la
> concesión de la prórroga y solicita la misma dentro del
> término original. Transcurrido el término original o su
> prórroga sin que el emplazamiento hubiere sido
> diligenciado, se tendrá a la parte actora por desistida,
> con perjuicio.

eventualidad de que la parte actora presentara la demanda nuevamente, el Comité Asesor aludió a concederle una segunda oportunidad para emplazar. En caso de que la parte actora también incumpliera con el término dispuesto para diligenciar el emplazamiento la desestimación entonces tendría un efecto en los méritos, es decir sería con perjuicio.

Ahora bien, a raíz de la Ley Núm. 17-2009 la antigua Regla 4.3 (b), *supra*, fue enmendada. En particular, se incorporó la norma establecida en <u>Monell v. Mun. de Carolina</u>, 146 DPR 20 (1998) para equiparar la fecha de la expedición de los emplazamientos con la presentación de la demanda.[23] Nótese que, en lo pertinente al caso ante nuestra consideración, la enmienda no alteró la discreción del Tribunal para prorrogar el término para emplazar y mantuvo el carácter de la desestimación con perjuicio. Específicamente, la Ley Núm. 17-2009 dispuso lo siguiente:

> […]
>
> (b) El emplazamiento será diligenciado en el término de seis (6) meses desde que se presenta la Demanda. La secretaría del Tribunal de Primera Instancia deberá expedir los emplazamientos el mismo día en que se radica la demanda. Si la secretaría no expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez las partes presenten oportunamente una solicitud de prórroga para diligenciar el emplazamiento de su demanda. Además de lo anterior, el término de seis (6) meses sólo podrá ser prorrogado por cualquier

---

[23] <u>Monell v. Mun.de Carolina</u>, 146 DPR 20, 25 (1998).

otra razón, por un término razonable a discreción del tribunal si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original. Transcurrido el término original o su prórroga sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora por desistida, con perjuicio.

Posterior a la Ley Núm.17-2009 y con el fin de revisar las Reglas de Procedimiento Civil de 1979, este Tribunal ponderó las recomendaciones del Comité Asesor. Así, mediante Resolución, adoptamos y remitimos para la consideración de la Asamblea Legislativa, en lo pertinente, la siguiente disposición:

(c) El emplazamiento será diligenciado en el término de ciento ochenta (180) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el tribunal deberá dictar sentencia decretando la desestimación y archivo con perjuicio.[24]

De la citada Resolución se percibe la inclinación a seguir la recomendación del Comité Asesor en lo relativo a eliminar la discreción del Tribunal de Primera Instancia a la hora de conceder prórrogas para extender el término del diligenciamiento del emplazamiento.

---

[24] In Re: Aprobación de las Reglas de Procedimiento Civil de Puerto Rico, 176 DPR 673,682 (2009).

Finalmente, la Ley 220-2009 para enmendar las Reglas de Procedimiento Civil del 1979 realizó cambios significativos en la Regla 4.3(c), a saber: en la discreción para prorrogar el término para emplazar y en el carácter dispositivo de la demanda.

En la actualidad, la Regla 4.3(c) dispone lo siguiente:

> El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que se demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo **sin perjuicio**. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una **adjudicación en los méritos**. (Énfasis nuestro).

Vemos que la Regla 4.3 (c) de Procedimiento Civil, *supra*, preceptúa varios aspectos del emplazamiento, a saber: el término que tiene el demandante para emplazar, desde cuándo comienza a transcurrir dicho término, en qué momento la Secretaría del tribunal de instancia debe expedir los emplazamientos, qué sucede si la Secretaría no expide los emplazamientos en el momento preciso y el efecto dispositivo que tendrá la causa de acción si el demandante no logra diligenciar los emplazamientos conforme a la mencionada regla.

En cuanto a en qué momento la Secretaría del tribunal de instancia debe expedir los emplazamientos, la Regla 4. 3 (c) de Procedimiento Civil, *supra*, es clara al establecer que ésta tiene el deber de expedir los emplazamientos el mismo día en que se presente la demanda.[25] Claro está, siempre que el demandante entregue los formularios de emplazamiento ese mismo día.[26] Así, "expedido el emplazamiento, la parte que solicita el mismo cuenta con un término de ciento veinte (120) días para poder diligenciarlo".[27] Este término es improrrogable y, consecuentemente, si en 120 días el demandante no ha podido diligenciar el emplazamiento automáticamente se desestimará su causa de acción.

Al respecto, el profesor Rafael Hernández Colón comenta que "[e]n el caso que Secretaría expida los emplazamientos el mismo día, la Regla 4.3 (c) no provee discreción al tribunal para extender el término".[28] Por ello, "no puede recurrirse a la R. 68.2, 2009 para que el juez conceda una prórroga al término para emplazar debido a que estaría en contravención con la intención legislativa".[29]

---

[25] Regla 4.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V.

[26] Bco. Des. Eco. v. AMC Surgery, 157 DPR 150, 155 (2002).

[27] Torres Zayas v. Montano Gómez, 2017 TSPR 202, 198 DPR ___ (2017).

[28] Hernández Colón, op. cit., págs. 232-233.

[29] Íd., pág. 267. La Regla 68.2 de Procedimiento Civil de 2009, 32 LPRA Ap. V, lee como sigue:
  Cuando por estas reglas o por una notificación dada en virtud de sus disposiciones, o por una orden del tribunal

Ahora bien, si la Secretaría del tribunal de instancia no expidiera los emplazamientos el mismo día en que se presentó la demanda junto a los formularios de emplazamiento, la Regla 4. 3 (c) de Procedimiento Civil, *supra*, establece que el tiempo que se haya demorado Secretaría será el mismo tiempo adicional que el tribunal otorgará para gestionar el diligenciamiento. Ello, una vez el demandante presente oportunamente una solicitud de prórroga.

Sin embargo, es sabido que "[p]ara que comience a decursar ese término, es requisito no solamente que se haya presentado la demanda y sometido el emplazamiento correspondiente sino, además, que el emplazamiento sea expedido por el tribunal".[30] Esto, unido a que la propia regla establece que el tiempo que se demore la Secretaría en expedir los emplazamientos será el mismo tiempo adicional que otorgarán los tribunales, nos lleva a concluir que no se trata de solicitar una prórroga como tal. Mas bien, se trata del deber de presentar una moción

---

se requiera o permita la realización de un acto en o dentro de un plazo especificado, el tribunal podrá, por justa causa, en cualquier momento y en el ejercicio de su discreción: (1) previa moción o notificación, o sin ellas, ordenar que se prorrogue o acorte el término si así se solicita antes de expirar el término originalmente prescrito o según prorrogado por orden anterior, o (2) en virtud de moción presentada después de haber expirado el plazo especificado, permitir que el acto se realice si la omisión se debió a justa causa, pero no podrá prorrogar o reducir el plazo para actuar bajo las disposiciones de las Reglas 43.1, 44.1, 47, 48.2, 48.4, 49.2 y 52.2, salvo lo dispuesto en las mismas bajo las condiciones en ellas prescritas.

[30] Bco. Des. Eco. v. AMC Surgery, supra, y Torres Zayas v. Montano Gómez, 2017 TSPR 202, 198 DPR ___ (2017).

al tribunal solicitando la expedición de los emplazamientos.[31] En consecuencia, una vez la Secretaría expide el emplazamiento, entonces comenzará a transcurrir el término de 120 días. Por eso, no se trata en realidad de una prórroga debido a que en ninguna de estas circunstancias la parte contará con más de 120 días.

Ahora bien, los demandantes no pueden cruzarse de brazos y dejar que transcurra un periodo irrazonable para presentar la moción.[32] De lo contrario, se actuaría en contravención al principio rector de resolver las controversias de forma justa, rápida y económica.

**III**

El peticionario alega que el Tribunal de Primera Instancia no tenía discreción para prorrogar el término de 120 días para diligenciar el emplazamiento. Tiene razón.

Tras analizar el tracto legislativo, es notorio que la Regla 4.3(c) de Procedimiento Civil, *supra*, sufrió cambios sustanciales. En lo pertinente a la controversia ante nuestra consideración, es de especial atención la discreción de los jueces a la hora de extender el término para diligenciar el emplazamiento. Nótese que, desde la vigencia[33] de la Regla 4. 3 (c) de Procedimiento Civil,

---

[31] Bco. Des. Eco. v. AMC Surgery, supra, pág. 156.

[32] Íd.

[33] La Regla 4.3 (c) de Procedimiento Civil, 32 LPRA Ap. V, está vigente desde el 1 de julio de 2010.

*supra*, si la Secretaría del Tribunal de Primera Instancia expide los emplazamientos el mismo día en que se presenta la demanda no cabe hablar de discreción a la hora de extender el término de 120 días para diligenciar los emplazamientos. Lo anterior responde a los cambios que sufrió la Regla 4. 3 (c) de Procedimiento Civil, *supra*, en cuanto al carácter dispositivo de la demanda. Al respecto, el profesor Hernández Colón comenta lo siguiente:

> [D]ado que el incumplimiento con el diligenciamiento ya no cuenta con la drástica sanción de la desestimación con perjuicio en un primer intento, y que el texto que concedía al juez discreción para permitir la prórroga fue eliminado, el término para el diligenciamiento no puede ser prorrogado cuando Secretaría expide el mismo día en que se presenta la demanda.[34]

Como mencionáramos, en el caso de autos la demanda fue presentada por segunda ocasión el 16 de octubre de 2013 y ese mismo día la Secretaría del Tribunal de Primera Instancia expidió los emplazamientos. Por consiguiente, los recurridos tenían 120 días para diligenciar los emplazamientos contados a partir del 16 de octubre de 2013 y vencederos el 13 de febrero de 2014. Es decir, una vez transcurridos los 120 días sin diligenciar los emplazamientos, el Tribunal de Primera Instancia venía obligado a desestimar la demanda de forma automática, ello, sin concesión de prórroga alguna.

----

[34] Hernández Colón, op. cit., págs. 267-268.

Nótese que la prórroga concedida a los recurridos tuvo el efecto de extender el término a 152 días para diligenciar el emplazamiento. No obstante, a pesar de que el Tribunal de Primera Instancia otorgó a los recurridos la prórroga solicitada, éstos presentaron una Moción solicitando emplazar por edictos. Nótese que para esta fecha ya habían transcurrido 142 días desde que se presentó la demanda y se expidieron los emplazamientos. Queda claro que todo lo anterior va en total contravención a la Regla 4.3 (c) de Procedimiento Civil, supra.

De esta forma, nuevamente erró el Tribunal de Primera Instancia al declarar con lugar la solicitud del emplazamiento por edicto. Consecuentemente, el Tribunal de Primera Instancia no adquirió jurisdicción sobre el peticionario a través del emplazamiento por edicto.[35]

Concluimos que debido a que los recurridos no lograron diligenciar personalmente los emplazamientos dentro del término de 120 días, la demanda debió ser desestimada automáticamente.

Sin embargo, lo anterior no dispone totalmente del caso de epígrafe puesto que nos resta atender si la desestimación de la demanda es con o sin perjuicio. Al analizar la Regla 4. 3 (c) de Procedimiento Civil, supra, queda claro que un primer incumplimiento con el término de 120 días para diligenciar el emplazamiento conlleva la

---

[35] A raíz de dicha conclusión, prescindimos de atender los señalamientos de error relativos a la pertinencia y suficiencia del emplazamiento por edictos.

desestimación sin perjuicio. No obstante, un segundo incumplimiento tendrá el efecto de una adjudicación en los méritos, es decir la desestimación será con perjuicio.

Surge del expediente que la primera demanda presentada por los recurridos fue desestimada sin perjuicio[36] al amparo de la Regla 39. 2 (a) de Procedimiento Civil de 2009, 32 LPRA Ap.V.[37] Esta primera desestimación correspondió a que los recurridos no cumplieron con las órdenes del tribunal ni con la Regla 4.3 (c) de Procedimiento Civil, supra. Por consiguiente, es forzoso concluir que como los recurridos incumplieron, por segunda ocasión, con el término para emplazar, entonces la desestimación de la demanda de epígrafe debe ser con perjuicio.

## IV

Por los fundamentos antes expuestos, se revoca tanto la denegatoria de expedición del Tribunal de Apelaciones

---

[36] Véase *Sentencia* (Caso Núm. JDP2012-0439), Apéndice de la Petición de *certiorari*, pág. 73.

[37] La Regla 39. 2 (a) de Procedimiento Civil de 2009, dispone lo siguiente:
   **Desestimación**
   (a) Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud de la parte demandada podrá decretar la desestimación del pleito o de cualquier reclamación contra ésta o la eliminación de las alegaciones, según corresponda.32 LPRA Ap.V.

   […]

como el dictamen del Tribunal de Primera Instancia. Consecuentemente, se desestima la demanda con perjuicio.

Se dictará sentencia de conformidad.


                                        Erick V. Kolthoff Caraballo
                                              Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Larry E. Bernier González
Cathy E. Bernier González
Elsie Esther González Mercado

    Recurridos

                              CC-2015-0304     Certiorari

      v.

José Carlos Rodríguez Becerra

    Peticionario

SENTENCIA

San Juan, Puerto Rico, a 22 de junio de 2018.

Por los fundamentos expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente, se revoca tanto la denegatoria de expedición del Tribunal de Apelaciones como el dictamen del Tribunal de Primera Instancia. Consecuentemente, se desestima la demanda con perjuicio.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco concurre con el resultado y hace constar la siguiente expresión:

"La Jueza Asociada señora Pabón Charneco concurre con el resultado. Los recurridos no lograron diligenciar los emplazamientos ni solicitaron emplazar por edictos dentro del término dispuesto en la Regla 4.3 (c) de Procedimiento Civil de 2009, 32 LPRA Ap. V. Si los recurridos hubieran solicitado emplazar por edictos dentro del término dispuesto, estos hubieran tenido 120 días para emplazar desde la fecha de expedición del emplazamiento por edicto".

La Jueza Presidenta Oronoz Rodríguez concurre sin opinión escrita. El Juez Asociado señor Rivera García emite Opinión disidente.


                              Juan Ernesto Dávila Rivera
                              Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Larry E. Bernier González
Cathy E. Bernier González
Elsie Esther González Mercado
      Recurridos             CC-2015-0304
            v.
    José Colón Rodríguez
        Peticionario


**Opinión disidente emitida por el Juez Asociado SEÑOR RIVERA GARCÍA**

En San Juan, Puerto Rico, a 22 de junio de 2018.

El caso objeto de estudio nos concedía la ocasión de disipar cualquier interrogante sobre la naturaleza del término de ciento veinte días que preceptúa la Regla 4.3(c) de las Reglas de Procedimiento Civil, *infra*, para que un demandante diligencie el emplazamiento a la parte demandada. Una mayoría de mis compañeros —en ausencia de intención legislativa a tal efecto— convirtió el plazo en uno de carácter jurisdiccional o improrrogable a pesar de que las Reglas 4.3(c) y 68.2 de Procedimiento Civil, *infra*, no le confirieron esa característica. Esta apreciación tiene repercusiones fatales y se aparta radicalmente de las normas de hermenéutica que hemos

elaborado. Primero, imprime a la Regla un grado de automatismo, toda vez que, transcurrido el periodo en un subsiguiente caso, el pleito se tendría que desestimar con perjuicio sin consideración ulterior. Segundo, arrebata totalmente la discreción que reconocimos a los juzgadores para extender este término cuando el demandante satisface las condiciones necesarias y acredita la existencia de justa causa para su dilación.[38]

Debido a que los hechos se encuentran consignados en la Opinión Mayoritaria, procederé a esbozar el marco legal para justipreciar la controversia.

## I

Nuestros foros judiciales tienen que obtener jurisdicción sobre la persona del demandado para poder contar con autoridad para actuar sobre éste.[39] El emplazamiento es "el mecanismo procesal principal que permite al tribunal adquirir jurisdicción sobre el demandado de forma tal que éste quede obligado por el dictamen que finalmente se emita".[40] Es, además, un método para hacer valer la exigencia constitucional del debido proceso de ley que requiere que toda parte demandada sea notificada de la reclamación en su contra y que se le brinde la oportunidad de ser oída antes de que se adjudiquen derechos y responsabilidades su contra.[41]

---

[38] *Banco Metropolitano v. Berríos*, 110 DPR 721 (1981).

[39] *Álvarez v. Arias*, 156 DPR 351, 365-366 (2002).

[40] *Cirino González v. Adm. Corrección*, 190 DPR 14, 29-30 (2014).

[41] J. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, 1era ed. rev., Colombia, Ed. Nomos, 2012, pág. 54.

Por ser un imperativo constitucional, recientemente, en <u>Torres Zayas et als. v. Montano Gómez, et als.</u>, 2017 TSPR 202, en la página 11, 198 DPR ___ (2017), este Tribunal reafirmó que "los requisitos que dispone la regla de emplazamiento son de **estricto cumplimiento**".[42] (Énfasis suplido). Precisamente, uno de los requerimientos que establece nuestro Derecho Procesal Civil para el emplazamiento es que se diligencie en un plazo de ciento veinte días. Esta exigencia se consignó en la Regla 4.3(c) al preceptuar que

> [e]l emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que se demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.

De acuerdo a lo transcrito, de ordinario, el periodo para diligenciar el emplazamiento comienza a correr desde que se insta la demanda o cuando se expide el emplazamiento por edicto. Esto se debe a que el mismo se tiene que expedir inmediatamente de instarse la demanda

---

[42] Véase, además: <u>Quiñones Román v. Cía</u>, 152 DPR 367, (2000), donde expusimos que "el emplazamiento es un imperativo constitucional del debido proceso de ley, hemos exigido un cumplimiento estricto cuando se trata de sus requisitos".

porque "se trata de un trámite ministerial, automático, subsiguiente a la presentación de la demanda".[43] Si no se expide en esa fecha, el tribunal tendrá que conceder una prórroga por el mismo tiempo que se demoró el Secretario o Secretaria en expedir el emplazamiento, si el demandante lo solicita. En el caso de que trascurra el término dispuesto sin haberse diligenciado, el tribunal deberá dictar sentencia desestimando la causa de acción sin perjuicio. Sin embargo, una segunda desestimación por la inobservancia del referido plazo conlleva una adjudicación en los méritos.

Ahora bien, como tenemos que determinar si el periodo para diligenciar el emplazamiento puede prorrogarse, debemos ponderar las normas relacionadas a los términos. Esto se debe a que uno de los principios de mayor relevancia en el esquema normativo del proceso civil es el que impera sobre los plazos que las partes tienen para actuar.[44] El término es el periodo que la ley concede para ejecutar determinada actuación procesal.[45] Los términos que las reglas procesales proveen son para que las partes actúen dentro los mismos y los efectos de sus inobservancias varían.[46] A lo largo de nuestra casuística hemos admitido que existen distintos tipos de

---

[43] Monell Cardona v. Aponte, 146 DPR 20, 24 (1998).

[44] Cruz Parilla v. Depto. Vivienda, 184 DPR 393, 402 (2012).

[45] R. Hernández Colón, Práctica Jurídica de Puerto Rico Derecho Procesal Civil, 6ta ed., San Juan, Ed. Lexis Nexis de Puerto Rico, 2017, pág. 230.

[46] "los términos provistos por las leyes y reglas procesales son para que las partes actúen en determinado plazo y las consecuencias de la inacción varían con frecuencia". Hernández Colón, op. cit., pág. 230.

plazos, a saber: discrecionales, directivos, de cumplimiento estricto y jurisdiccionales.[47] Por su pertinencia, nuestro enfoque estará en los periodos jurisdiccionales y de cumplimiento estricto.

Los términos jurisdiccionales son los que no están sujetos a ser interrumpidos o a que se cumplan de forma tardía.[48] Se denominan como jurisdiccionales o fatales "porque transcurren inexorablemente, no importa las consecuencias procesales que su expiración provoque".[49]

Con el propósito de descifrar si un plazo es de carácter jurisdiccional es imprescindible examinar la Regla 68.2 de Procedimiento Civil, 32 LPRA Ap. V. Esta regla dispone que

> **[c]uando por estas reglas** o por una notificación dada en virtud de sus disposiciones, o por una orden del tribunal **se requiera o permita la realización de un acto en o dentro de un plazo especificado, el tribunal podrá, por justa causa, en cualquier momento y en el ejercicio de su discreción: (1) previa moción o notificación, o sin ellas, ordenar que se prorrogue o acorte el término si así se solicita antes de expirar el término originalmente prescrito o según prorrogado por orden anterior, o** (2) en virtud de moción presentada después de haber expirado el plazo especificado, permitir que el acto se realice si la omisión se debió a justa causa, **pero no podrá prorrogar o reducir el plazo para actuar bajo las disposiciones de las Reglas 43.1, 44.1, 47, 48.2, 48.4, 49.2 y 52.2 todas de este apéndice**, salvo lo dispuesto en las mismas bajo las condiciones en ellas prescritas.(Énfasis suplido).

---

[47] Hernández Colón, op. cit., pág. 230.

[48] Cruz Parilla v. Depto. Vivienda, *supra*, pág. 403.

[49] Hernández Colón, op cit., pág. 234.

Obsérvese que la disposición citada establece las reglas cuyos periodos son jurisdiccionales o improrrogables. Tenemos que tomar en cuenta, también, que a raíz de **"las graves consecuencias que acarrea el determinar que un término es de naturaleza jurisdiccional, hemos expresado que <u>debe surgir claramente la intención legislativa del legislador de imponerle esa característica al término</u>"**.(Énfasis suplido).[50] Es decir, para razonar que un plazo es de naturaleza jurisdiccional, o improrrogable, es ineludible que se desprenda una intención legislativa de imprimirle dicho carácter al mismo. Para esto, "los tribunales deben realizar un ejercicio de interpretación estatutaria para encontrar la expresión clara del legislador en cuanto a la naturaleza del término".[51]

Por otro lado, los periodos de estricto cumplimiento son aquellos que "se sitúan a medio camino entre los términos prorrogables y los improrrogables. Se trata de un énfasis en su aplicación mediante la mecánica de justa causa más estricta que la que se requiere para prorrogar los términos ordinarios".[52] Estos pueden prorrogarse cuando la parte que peticiona la prórroga, o actúa fuera del periodo, evidencia la existencia de una justa causa que impidió ejecutar la acción en el término establecido

---

[50] <u>Cruz Parilla v. Depto. Vivienda</u>, *supra*, 403-404. Véase, además: <u>J. Directores v. Ramos</u>, 157 DPR 818, 823-824 (2002).

[51] <u>Cruz Parilla v. Depto. Vivienda</u>, *supra*, pág. 404.

[52] Hernández Colón, <u>op. cit.</u>, pág. 235.

por ley.[53] En otras palabras, la extensión de un plazo de cumplimiento estricto está supeditada a que se demuestre justa causa. Así, en estos casos, "los tribunales no están atados al automatismo que conlleva un requisito de carácter jurisdiccional y pueden proveer el remedio pertinente, extendiendo el término según las circunstancias".[54]

Esbozada la normativa jurídica pertinente al caso que nos ocupa, evaluaremos la naturaleza del término que la parte demandante tiene para diligenciar el emplazamiento.

## II

Según aludido, para determinar el carácter del periodo que las Reglas de Procedimiento Civil erigen para diligenciar el emplazamiento es imprescindible que se desprenda claramente una intención legislativa de imprimirle esa característica. Ello conlleva que realicemos un ejercicio de interpretación estatutaria para auscultar la expresión del legislador sobre la naturaleza del término. También, debemos ser conscientes que las Reglas requieren una interpretación que facilite el acceso a los tribunales y el manejo del proceso para así garantizar un resultado justo, rápido y económico.[55] Con esto en mente, procedamos a indagar si el término objeto de examen es de carácter jurisdiccional.

---

[53] Soto Pino v. Uno Radio Group, 189 DPR 84, 92 (2013).

[54] Cuevas Segarra, op. cit., pág. 1910.

[55] 32 LPRA Ap. V, R. 1.

El primer paso para interpretar un estatuto es ver su texto, "ya que si el legislador se expresó de forma clara e inequívoca, [este] es considerado la expresión misma de la intención legislativa".[56] En ese sentido, cabe resaltar que la Regla 4.3(c) expresamente establece que una parte puede solicitar la extensión del plazo para diligenciar el emplazamiento.[57] No obstante ello, la Mayoría entiende que aunque la Regla alude a una "solicitud de prorroga", no lo es. Por el contrario, argumenta que se trata de un deber de pedir al tribunal que expida el emplazamiento para que el periodo comience a transcurrir. A raíz de ello, concluye que las partes nunca contarán con más de ciento veinte días. Difiero. Veamos el por qué.

Según el propio texto de la Regla y lo resuelto en Monell Cardona v. Aponte, 146 DPR 20 (1998), el término para emplazar **siempre** comienza a de cursar desde que se insta la demanda o cuando se expide el emplazamiento por edicto. Esto, dado que la Regla 4.1 exige que el demandante presente el formulario de emplazamiento junto con la demanda y que el Secretario o Secretaria lo expida inmediatamente. No obstante, la Regla es clara al disponer que cuando el emplazamiento no se expide el mismo día en que se insta la demanda, la parte puede

---

[56] Cordero Vargas v. Pérez Pérez, 2017 TSPR 152, 198 DPR ____ (2017).

[57] En particular, dispone que "Si el Secretario o Secretaria no los expide el mismo día, el tiempo que se demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga".

**solicitar una prórroga oportunamente** y el tribunal tiene la obligación de concederla por el mismo tiempo que se demoró en expedirlo. Es decir, **cuando la parte demandante no peticiona la extensión, el término comienza a transcurrir una vez se presenta la demanda**. Por tal razón, se trata de una prórroga al plazo que, de por sí, veda que el Tribunal lo catalogue como improrrogable.

Ahora bien, a los fines de disipar cualquier duda nos referimos al historial legislativo de la medida. Tras examinar el mismo, nada permite inferir que se pretendió hacer del periodo estudiado uno jurisdiccional. En el *Informe de la Cámara de Representantes* se expresó que "[s]e modificó el término para diligenciar el emplazamiento y el término para contestar una demanda, entre otros".[58]

---

[58] Informe Positivo sobre el P. de la C. 2249, 11 de noviembre de 2009, a la pág. 7. También se expresó lo siguiente:

> El Comité enmendó la Regla de 1979 para, entre otras cosas, establecer un término de noventa (90) días para el diligenciamiento del emplazamiento con el fin de agilizar el proceso judicial y evitar dilaciones injustificadas. El Comité consideró que el término de seis meses establecido en la regla de 1979 era sumamente extenso, lo cual creaba dilaciones innecesarias. No obstante, el Tribunal Supremo no acogió dicha recomendación y estableció que el emplazamiento será diligenciado en el término de ciento ochenta (180) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. Luego del proceso de vistas públicas y reuniones entre ambas Comisiones, se enmendó dicha regla para establecer el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto, esto con el fin de agilizar el proceso judicial y evitar dilaciones injustificadas, además de equipararlo a lo dispuesto en las Reglas de Procedimiento Civil del Tribunal Federal.
>
> De igual forma, se enmendó para que transcurrido dicho término sin que se haya diligenciado el emplazamiento, el tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Además se incluyó el siguiente texto: Una subsiguiente desestimación y archivo por incumplimiento con el término

Asimismo, el *Informe de Reglas de Procedimiento Civil* tampoco contiene expresión indicativa de que el plazo aquí en disputa no se puede prorrogar.[59] En lo pertinente, lo que se manifestó fue que

> [l]a importancia del proceso estriba en que, mediante el emplazamiento, el tribunal adquiere jurisdicción sobre el demandado por lo que la validez o nulidad del proceso y la sentencia que se dicte en su día dependen de que se haya cumplido todos los requisitos establecidos en la regla. Por tal razón, **el Tribunal Supremo reiteradamente ha exigido el cumplimiento estricto cuando se trata de los requisitos del emplazamiento.**
> La política pública existente en nuestro ordenamiento es a los efectos de que los demandados deben ser emplazados debidamente para evitar fraude y que se utilicen los procedimientos judiciales para privar a una persona de su propiedad sin el debido proceso de ley. **De no cumplirse estrictamente con los requisitos establecidos para el emplazamiento, el tribunal no adquiere jurisdicción sobre la persona del demandado.**(Énfasis suplido).[60]

Es decir, se consignó lo que previamente habíamos reconocido, que a los requisitos del emplazamiento se les debe dar cumplimiento estricto.

Otro fundamento que impide concluir que el periodo para diligenciar el emplazamiento es de carácter jurisdiccional lo hallamos en la Regla 68.2. **Esta disposición establece aquellos términos de las Reglas de Procedimiento Civil que <u>no pueden ser prorrogados ni</u>**

---

aquí dispuesto tendrá el efecto de una adjudicación en los méritos. Íd., pág. 9.

[59] <u>Informe de Reglas de Procedimiento Civil</u>, Comité Asesor Permanente de las Reglas de Procedimiento Civil, Secretariado de la Conferencia Judicial y Notarial, 2008, págs. 34-38.

[60] <u>Informe de Reglas de Procedimiento Civil</u>, Comité Asesor Permanente de las Reglas de Procedimiento Civil, Secretariado de la Conferencia Judicial y Notarial, 2008, pág. 37.

**reducidos, a saber: las Reglas 43.1, 44.1, 47, 48.2, 48.4, 49.2 y 52.2.** Nótese que, sin lugar a dudas, el plazo aquí en controversia no se incorporó entre aquellos que no se pueden prorrogar. Es más, hace tres décadas, en Banco Metropolitano v. Berríos, 110 DPR 721 (1981), pautamos que, a luz de la Regla 4.3(b) y 68.2 de las Reglas de Procedimiento Civil de 1979, el término para diligenciar el emplazamiento podía ser prorrogado si mediaba justa causa. En esa ocasión, la parte demandada adujo que la prórroga para extender el plazo se pidió una vez trascurrido el mismo, por tanto, la demanda se debía desestimar automáticamente. Tras estudiar las disposiciones aludidas reconocimos que el texto de las dos reglas **"dejan sentado con gran claridad la in[j]erencia decisiva de la discreción judicial en la prórroga del término para diligenciar el emplazamiento,** discreción para determinar, en el momento procesal en que se suscite la cuestión, si medió *justa causa* o *negligencia excusable* en la omisión combatida. (Bastardillas en el original y énfasis suplido).[61] Reconocimos, además, que

> [l]a Regla 4.3 (b) es un desarrollo paralelo de la Regla 39.1(b) sobre desestimación del pleito por inactividad, y ambas tienen el mismo propósito de acelerar la litigación y despejar los calendarios, operando la primera en la temprana etapa del pleito. Sufriría el justo equilibrio procesal, de negar a la parte que no pudo diligenciar el emplazamiento en el término original de seis meses, la oportunidad de ser oído e invocar la discreción del juez con demostración de justa causa que la Regla 39.2

---

[61] Banco Metropolitano v. Berríos, *supra*, pag. 723.

ordena para los casos en que no hubiere trámite durante los últimos meses.[62]

Inclusive, pronunciamos que "**[l]a expiración del término de seis meses no tiene efecto de caducidad de la acción, ni de nulidad, ni mucho menos afecta la jurisdicción del tribunal**".[63]

En apretada síntesis, pautamos que bien sea por la antigua regla de emplazamiento ⸺la cual contenía una disposición sobre cómo se debía prorrogar⸺ o por la Regla 68.2, el periodo para emplazar podía ser prorrogado por justa causa. Aclaramos que este término es un mecanismo para acelerar la litigación y despejar los calendarios. Resolvimos que el hecho de que la regla ordenara que "[t]ranscurrido el término original o su prórroga sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora desistida, con perjuicio", no afectaba la jurisdicción de los tribunales.[64]

Siendo esa la norma vigente al considerarse las nuevas reglas, de haber querido la Asamblea Legislativa que el término fuera de carácter jurisdiccional: *primero*, no hubiese adoptado lo resuelto en Monell Cardona v. Aponte, *supra*, y estatuido la "solicitud de prorroga" cuando no se expide el día que se presenta la demanda; y, *segundo,* hubiese incluido la Regla 4.3(c) a la Regla 68.2

---

[62] Banco Metropolitano v. Berríos, *supra*, pág. 724.

[63] Íd., págs. 725-726.

[64] Íd., pág. 724.

dentro de aquellos periodos que no se pueden prorrogar. Sin embargo, no fue así.

No quedaba de otra que concluir que a la luz de las Reglas 4 (c) y 68.2 una parte puede solicitar prorroga oportunamente en dos escenarios: (1) cuando el Secretario o la Secretaria haya expedido el emplazamiento con posterioridad a la presentación de la demanda; o (2) si puede acreditar claramente la existencia de justa causa para ello.

De hecho, con posterioridad a la aprobación de las Reglas de Procedimiento Civil de 2009, hemos dispuesto que los requisitos relacionados con el emplazamiento son de cumplimiento estricto. Véanse: Torres Zayas et als. v. Montano Gómez, *supra*; Sánchez Rivera v. Malavé Rivera, 192 DPR 854, 874 (2015). Además, varios tratadistas comparten este criterio. El profesor Cuevas Segarra asevera que dentro de los plazos de cumplimiento estricto queda comprendida **"[l]a Regla 4.3(c)- [que] reduce el término para emplazar de seis meses a ciento veinte (120) días".**[65] Asimismo, el profesor Javier Echevarría Vargas estimó que

> a los tribunales le debe ser reconocida la facultad de discrecionalmente ampliar o reducir ese término siempre que exista justa causa para ello. *Ortalaza v. FSE*, 116 DPR 700 (1985). **Esa facultad judicial surge conforme con el alcance de la Regla 68.2 de Procedimiento Civil de 2009 la que permite la ampliación, o la reducción, de los términos siempre que exista justa causa para ello.** (Énfasis suplido).[66]

---

[65] Cuevas Segarra, op. cit., pág. 1910.

[66] Echevarría Vargas, op. cit., pág. 62.

Como observamos, son varios los fundamentos que nos inclinan a concluir que el periodo para diligenciar el emplazamiento no es jurisdiccional y que sí es prorrogable. Primero, para que un término sea jurisdiccional es menester que se desprenda *claramente* la intención legislativa de concederle ese carácter. Segundo, el texto de la Regla 4.3 *expresamente* establece que la parte puede solicitar una prórroga. Tercero, la Regla 68.2 no dispone que el plazo para diligenciar el emplazamiento es improrrogable. Cuarto, nuestra casuística ha sido tajante al disponer que a los requisitos del emplazamiento se les tienen que dar cumplimiento estricto. Por todo lo anterior, disiento respetuosamente de la norma de Derecho formulada por la Mayoría.


                                        Edgardo Rivera García
                                        Juez Asociado